In the Matter of MAXWELL HYMAN, an Attorney, Respondent.

First Department, July 2, 1929.

*Einar Chrystie* of counsel, for the petitioner.

*Koenig, Bachner & Koenig* of counsel, for the respondent.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in October, 1914, in the Appellate Division, First Department.

The charge against him is based on the following facts: Respondent was retained by Miss Joan Horn to recover from Robert W. Wood damages claimed to have been sustained by her by reason of said Wood's negligence in the operation of an automobile rented and operated by him, whereby Miss Horn was struck and injured. Respondent notified Wood of his intention to bring criminal proceedings against the latter because of his failure to stop his car after he struck Miss Horn, and upon Wood's refusal to sign an affidavit admitting he had committed a misdemeanor in not stopping his car after the accident, respondent wrote him a letter in which he said: " I am giving you an opportunity of making an amicable settlement on behalf of my client, Miss Joan Horn, for the injuries she has suffered. Unless you show some substantial evidence of your willingness to compensate Miss Horn for her injuries, I shall have no other alternative but to immediately criminally prosecute you for assault against my client. In addition to that I shall institute civil action for the amount of damages which Miss Horn has suffered."

Respondent admits all the facts charged against him. He states that he now realizes that the part of the affidavit he submitted to Mr. Wood, wherein the latter was asked to admit that he had committed a misdemeanor, was improper and also that his letter, containing a threat of criminal prosecution, was absolutely improper. In extenuation he offered the following facts: He is a graduate of Columbia University and Columbia Law School and was admitted to the bar in 1914, but only practiced law for six months when he yielded to the urgings of his father and brother and entered their business of manufacturing and selling silks. During his short period of practice he never had a negligence case. He returned to the practice of law in 1928, and only took the case in question because Miss Horn was a sister of a very good friend of his who importuned him to prosecute it for her. He admits that he overstepped the bounds of propriety and ethics, and expresses deep sorrow for his act, which he attributes to overzeal in his client's cause, his thirteen years' absence from active practice (after only six months therein) and his accustomed use of business (as distinguished from professional) methods for these thirteen years.

There is no question that respondent was guilty of reprehensible conduct in submitting the affidavit to Mr. Wood in the form respondent had caused it to be drawn and in writing the letter threatening criminal action. But the fact of respondent's long absence from the practice of law, with his meagre experience at the outset, may furnish some justification for leniency in the administration of punishment. Mr. Wood has written a letter to the court in which he states that he feels that respondent has been sufficiently punished by the humiliation and nervous strain involved by the presentation of the charges, and urges that the extenuating circumstances be considered.

Under all the circumstances, we think the interests of justice will be served by the censure of respondent by this court for his two unprofessional acts — the submission of the proposed affidavit and the writing and sending of the threatening letter — which may well be attributed to ignorance and not to malice, as Mr. Wood himself urges.

MERRELL, FINCH, McAVOY and O'MALLEY, JJ., concur.

Respondent censured.