In the Matter of ABRAHAM GELMAN, an Attorney, Respondent.

First Department, November 7, 1930.

*Isidor J. Kresel* [*Earl B. Barnes, Irving Ben Cooper* and *Sidney Handler* of counsel], for the petitioners.

*Paul L. Corwin,* for the respondent.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York, at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department, on December 6, 1922.

The petition and supplemental petition charge the respondent with misconduct in asserting, prosecuting and settling certain false and fraudulent claims for personal injuries. The learned referee found that the evidence does not sustain such charges and in his report recommends their dismissal. The petitioners do not oppose the confirmation of the referee's report in this respect.

The supplemental petition, in addition to charging misconduct in asserting, prosecuting and settling false and fraudulent claims, charges misconduct in that in October, 1925, respondent, in behalf of certain clients, commenced an action in the Municipal Court of the City of New York to recover for personal injuries and property damages resulting from an automobile accident, and that under date of October 23, 1925, he wrote the defendant Emanuel R. Miccione, as follows: " In behalf of my clients, John J. Walsh, Louis Camberdella and Albert F. Reaily, I instituted action against you for the recovery of damages to my client's automobile and damages for personal injuries sustained by them as a result of an accident wherein your taxicab collided with an automobile operated by my client. My process servers made many attempts to effect service upon you but without success. I was, therefore, compelled to procure an order of the court permitting service of the process upon you by substitution. This service was effected on or about October 10.

" Up·to the present time I have not received an answer to the summons, and I am, therefore, in a position to enter judgment against you by default. If I am put to the trouble of proceeding against you personally on the judgment referred to, I will be compelled to institute criminal proceedings against you for failing to cover your taxicab by proper insurance policy under the law. I have been more than lenient with you and will refuse to tolerate any more of your nonsense.

" I, therefore, trust that you will see the advisability of taking this matter up with me immediately upon the receipt of this letter.
" *This is my final notice.*"

Respondent admits writing and sending the letter. It was not made the basis of any complaint by the recipient thereof but was

disclosed during the course of a general examination of cases in which respondent appeared as attorney, in connection with the Ambulance Chasing Investigation. Respondent urges that this letter was written with a view to getting the defendant, a taxicab driver and owner, to turn the matter over to his insurance carrier, respondent being of the belief that the owner was covered, but had simply neglected to refer the claim to the insurance company. Respondent interprets the letter as simply giving notice that a prosecution for the violation of a penal statute would follow if it developed that there was no insurance. We think the letter presents the alternative of payment or criminal prosecution. As Miccione was in fact insured, respondent had no occasion to make good his threat to institute criminal proceedings.

The learned referee, in his comprehensive and scholarly report, says: " Neither the motive of the respondent in the present proceeding, nor the outcome, can alter the principle involved. There should be no confusion in the mind of any lawyer as to the distinction between criminal and civil proceedings. The former are brought for the protection of society, and the latter for the enforcement of individual rights. It is within the province of any citizen to bring violations of the criminal law to the attention of the appropriate authorities. Had respondent, whether in proceedings against Miccione, after a default judgment, or in any other manner, found that he was uninsured, he might properly have caused charges to be preferred against him. The question here is whether a member of the Bar may ever, prudently and properly, make demands of a defendant in a civil suit coupled with threats of criminal proceedings unless those demands were complied with. Of course, differences in degree are to be recognized. It is one thing to threaten criminal proceedings in connection with the assertion of certain claims, and it is another thing actually to institute such proceedings. So also it may be one thing to make such threats, unless damages are paid or money demands complied with, and another thing to couple those threats with lesser demands. The precise threat in the letter under consideration is found in the following passage:

" ' If I am put to the trouble of proceeding against you personally on the judgment referred to, I will be compelled to institute criminal proceedings against you for failing to cover your taxicab by proper insurance policy under the law. I have been more than lenient with you and will refuse to tolerate any more of your nonsense. I, therefore, trust that you will see the advisability of taking this matter up with me immediately upon receipt of this latter.'

" It is true that Miccione could turn aside the threat, either before judgment or after judgment, if he was in point of fact insured.

In such event the threat could have no terror for him. But it seems equally true that in case he had not taken out insurance or had permitted it to lapse or to be cancelled, he was threatened with criminal proceedings which he could only avoid by making adjustment with respondent. It is also true that respondent obtained the legitimate result which he claims to have been seeking. It still remains a question whether he used legitimate means to do so. There is a threat in the letter which cannot be read out of it."

We are of the opinion that the letter in question was improper, and that in writing and sending it respondent was guilty of unprofessional conduct. This court has heretofore expressed its disapproval of using threats of criminal prosecution as a means of forcing a settlement of civil claims. Thus in *Matter of Penn* (196 App. Div. 764) an attorney was censured for having written a letter demanding the return of an engagement ring and other valuables, with the statement therein that the recipient of the letter was liable to criminal prosecution, but that if she returned the property no further proceedings would be taken. In *Matter of Hyman* (226 App. Div. 468) an attorney was censured for having written a letter in which he wrote that unless the person against whom a claim for damages for personal injuries showed " some substantial evidence " of his willingness to compensate the client for her injuries, " I shall have no other alternative but to immediately criminally prosecute you for assault against my client." Respondent in that case had endeavored to get the addressee of the letter to sign an affidavit admitting that he had committed a misdemeanor in not stopping his car after the accident.

Where the threat to begin criminal proceedings is followed by the actual institution thereof the offense is still more serious, and in *Matter of Abrahams* (158 App. Div. 595) an attorney guilty of making such threats, followed by an attempt to secure the indictment of the person threatened, was suspended for one year only, in view of his youth and inexperience. In its opinion the court, through Presiding Justice INGRAHAM expressed the opinion that " a lawyer is never justified in using a criminal proceeding to collect a civil debt or enforce a civil right."

Respondent has been guilty of a violation of the principle which condemns any confusion of threats of criminal prosecution with the enforcement of civil claims. For this misconduct he should be severely censured.

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent censured.