Submitted on the record April 16, reprimanded June 26, 1968 .

IN RE COMPLAINT AS TO THE CONDUCT OF
## JANN W. CARPENTER.
443 P. 2d 238

PER CURIAM.

The accused is charged with professional misconduct. The complaint contains six counts. The trial committee found the accused guilty on count one and not guilty on the other counts. The Board of Governors found the accused guilty on counts one and two and not guilty on the other counts. We agree with the board's findings.

Under count one it is charged that the "accused wrote letters to and conducted telephone conversations with third parties who had written purported bad checks to his clients and who were adverse to the interests of his clients, threatening criminal prosecution against such persons unless the purported bad checks were made good."

. Count two charges that the accused wrote in the names of three persons on a notarial application without their consent. The application for the notarial commission was made by one of the stenographers in the accused's office. The application called for the signature of six resident freeholders certifying that they were "personally acquainted with the applicant for six months and know him to be a person of integrity, of good moral character, of the age of twenty-one years, a citizen of the United States, of the State of Oregon, and believe him to be fully qualified and competent to perform the duties of Notary Public, and therefore respectfully recommend him for such appointment." The accused wrote in the names of three persons. He admits that these persons did not consent to the use of their names for this purpose. The Board of Governors recommend that the accused be administered a public reprimand by this court.

The accused was admitted to practice in 1963. He formed a law partnership with his brother Jon who had already established a law practice much of which consisted of collecting NSF checks for various supermarkets in Eugene. Jon had serious personal problems which resulted in the neglect of his law business, and eventually in the loss of it. During Jon's absence from the office the accused took over the management of the practice and attempted to complete the work left unfinished by his brother. The record reveals that this was a rather hectic period for the accused. There is some indication in the record that Jon was guilty of serious violations of the code of legal ethics. Eventually the accused dissolved the partnership with his brother and sought employment elsewhere.

Thus it appears that the accused was initiated into the practice of the law under rather trying circum-

stances and in an atmosphere not conducive to a careful adherence to the ethical standards of the legal profession.

The evidence does not establish any misconduct other than that charged in counts one and two. The preparation of a false document, and the threat of criminal prosecution to enforce a claim are acts which clearly violate the ethical code of the legal profession.

Although the execution of an application for a notarial commission may not be a matter of transcendent importance, the act of employing another's name without consent in the execution of a document, regardless of the dignity of the document, is a serious transgression. Similarly the threat of criminal prosecution to enforce a claim is contrary to the accepted precepts of "fair play" and is clearly proscribed by the lawyer's code of ethics. For violating these ethical standards the accused is subject to the censure and reprimand which this opinion now pronounces.