Professional Conduct Committee
No. 7705

## R. PETER DECATO'S CASE

October 31, 1977

*R. Peter Decato,* of Lebanon, pro se, by brief and orally.

*Wesley A. L. Miller,* of Concord, by brief and orally, for the committee on professional conduct.

DOUGLAS, J.   This is an appeal by R. Peter Decato, Esquire, from the private reprimand, in the form of a letter of discipline, issued on January 21, 1977, administered by the professional conduct committee following its finding of professional misconduct on his part as being in violation of the ABA Code of Professional Responsibility DR 7-105 (A) (Final Draft, 1969).

On September 2, 1976, R. Peter Decato, Esquire, wrote a letter to Robert G. Goldstrohm, M.D., of Pennsylvania, the third paragraph of which read, "In New Hampshire, it is a crime to obtain services by means of deception in order to avoid the due payment therefore [sic]. Without any proof on your part, you have chosen to stop payment on a check after it was made for the payment of services. Unless you communicate directly with me and give me some proof that the damages sustained to your son's International Harvester were a result of the failure of Decato Motor Sales, Inc., I shall consider filing a criminal complaint with the Lebanon District Court against your son for theft of services." This letter was the subject of a professional conduct complaint filed on behalf of

Dr. Goldstrohm. A copy of the complaint was sent to Mr. Decato by the professional conduct committee on September 28, 1976, requesting his reply. On October 7, 1976, Mr. Decato wrote to the professional conduct committee, stating in part: "If there are any formal charges to be brought against me because of my letter, I assume that your Committee will explain the charges to me and give me a further opportunity to be heard and to present witnesses." On November 15, Peter V. Millham, Esquire, as a member of the professional conduct committee, wrote to Mr. Decato asking whether he would request and attend an oral hearing on the matters referred to in the complaint. Decato waived an oral hearing and on January 21, 1977, the professional conduct committee sent him a letter of reprimand with a finding of professional misconduct based upon the committee's consideration of all of the evidence submitted.

The applicable standard is the Code of Professional Responsibility adopted by the American Bar Association on August 12, 1969, effective on January 1, 1970, and adopted by the New Hampshire Bar Association, effective February 1970. Effective May 2, 1977, the Code's use by the bar was officially ratified by this court.

■ Complaints under the Code go first to the supreme court committee on professional conduct created by rule 26 (RSA ch. 490 App.) and appeals from its rulings come to this court by virtue of section 3(c)(5) of the Grievance Procedures effective July 25, 1975. *In re Grievance Procedures*, 115 N.H. 310, 341 A.2d 272 (1975). The committee on December 14, 1976, recommended and this court on December 22, 1976, voted to hear reprimand cases de novo. The parties agree that in bar disciplinary proceedings the standard of proof is by "clear and convincing" evidence. *See, e.g.*, Committee on Judicial Conduct, Rule 28(x)(g), effective July 30, 1977.

The basic principle embodied in the Canon applicable to this case is that "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law." ABA Code of Professional Responsibility, Canon 7 (Final Draft 1969). Following this general concept are the ethical considerations which are to be relied upon for guidance. In the section headed: "Duty of the Lawyer to the Adversary System of Justice," it is stated: "The civil adjudicative process is primarily designed for the settlement of disputes between parties, while the criminal process is designed for the pro-

tection of society as a whole. Threatening to use, or using, the criminal process to coerce adjustment of private civil claims or controversies is a subversion of that process . . . ." ABA Code of Professional Responsibility EC 7-21 (Final Draft 1969).

■ DR 7-105(A) states that a lawyer "shall not present, participate in presenting or threaten to present criminal charges *solely* to obtain an advantage in a civil matter." (Emphasis added.) *See Robinson v. Fimbel Door Co.*, 113 N.H. 348, 306 A.2d 768 (1973). Therefore, an element of the offense is that there be proof that the person charged acted with a purpose solely to obtain an advantage in a civil matter. Absent this proof, a lawyer may not lawfully be found in violation of DR 7-105(A).

None of the evidence submitted to the professional conduct committee suggests that the letter of September 2, 1976, sent by Mr. Decato to Dr. Robert G. Goldstrohm was sent solely to obtain an advantage in a civil matter. The stipulated statement of facts indicates that the language in issue relates to informing Dr. Goldstrohm that it is a crime to obtain services by means of deception in order to avoid due payment. The mere mention of possibly filing criminal charges does not in itself suggest that the statement was made in an effort to gain leverage in a collection suit.

The concept of deception was at the root of the ABA's decision in Opinion No. 2662 which held that it was not improper for a lawyer to notify a debtor that he intends to bring suit but was improper if the lawyer *misled* the debtor by implying that failure to pay the debt could lead to arrest and imprisonment. *See* O. Maru, Digest of Bar Association Ethics Opinions, Opinion No. 2662 (American Bar Foundation 1970), *based upon* Opinion No. 506 (N.Y. City Bar, May 3, 1939), *in* Legal Studies of the William Nelson Cromwell Foundation, Opinions of the Committees on Professional Ethics 277 (1956); *cf.* Opinion No. 299 (N.Y. City Bar, Jan. 16, 1934), *id.* 159.

This case is factually distinguishable from cases such as *In re Hyman*, 226 App. Div. 468, 235 N.Y.S. 622 (1929), cited by the conduct committee. In that case, an attorney was censured for having written a letter in which he wrote that unless the person against whom a claim for damages for personal injuries showed "some substantial evidence" of his willingness to compensate the client for her injuries, "I shall have no other alternative but to immediately criminally prosecute you for assault against my client."

888

At no time did Mr. Decato demand or request payment and therefore this court cannot find by clear and convincing evidence that his sole purpose was to "obtain an advantage in a civil suit."

*Letter of reprimand vacated;*
*complaint dismissed.*

KENISON, C.J., did not sit; the others concurred.