Submitted on record October 6, Accused reprimanded November 4, 1980

## In re: JOHN F. CHARLES,
*Accused.*

### (OSB 78-17, SC 27092)
618 P2d 1281

John E. Jaqua, of Jaqua & Wheatley, P.C., Eugene, for the accused.

Derrick E. McGavic, Eugene, and Dan E. Neal, Eugene, for the Oregon State Bar.

PER CURIAM.

## PER CURIAM.

■     The Oregon State Bar charged the accused, John F. Charles, with a violation of Disciplinary Rule 7-105 (A) of the Code of Professional Responsibility. DR 7-105 (A) provides:

> "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

The case was presented to a trial board on oral stipulations stated at the hearing by counsel for the Bar and for the accused and a file consisting of a number of letters and a case summary prepared by the Bar's General Counsel. The following summarizes the facts appearing from these documents.

Charles represented the owners of a ranch in Crook County, incorporated as Western Empire Development Co., Inc. (WEDCO), in a dispute with its former resident manager, Jim Palmer, over past wages and commissions. Palmer had sold some company assets to raise cash to pay his own and his wife's salaries, apparently on the suggestion of the company's previous lawyer. In the course of the dispute, WEDCO's president, Gerald Martin, wrote a letter to Charles in which Martin instructed Charles to "file a counter claim and also [immediately] file a complaint to the District Attorney" against Palmer. The letter continued:

> "John I intend to carry this case out to the fullest and I intend to try to force a criminal action if possible. I know this is contrary to your feelings on it but I have very strong feelings on this also and this [is] my position."

Thereafter, in a conference in the office of Palmer's attorney, Carl Dutli, the accused told Palmer that his client, Martin, intended to press criminal charges against Palmer. The exhibits reflect a factual disagreement between Palmer and Dutli on the one hand and Charles on the other whether the threatened criminal charges were brought up only once or two or three times, but it is conceded that Martin's threat was conveyed to Palmer in the context of settlement negotiations between the parties.

In defense, the accused states that nothing in the stipulation shows the threat to have been made "solely to obtain an advantage." We do not find the oral stipulation,

which was made in discursive statements of counsel at the trial board hearing in lieu of appearances by any witness or the accused, a very clear or coherent statement of the facts. However, the exhibits covered by the stipulation include a letter by Mr. Dutli, whose recital of the events in his office persuaded the trial board that the complaint was proved in this respect, and we agree with that finding. A violation of DR 7-105 (A) is therefore made out.

■   The accused also points out that he told Palmer of Martin's intentions in the presence of Palmer's attorney, and that in fact no settlement was consummated nor were any criminal charges brought. However, these are not elements of the improper conduct condemned by DR 7-105 (A).

The trial board recommended that the accused be reprimanded, and the Disciplinary Review Board joined in that recommendation. We agree.

No costs to either party.

Accused reprimanded.