Argued and submitted April 3, complaint dismissed May 30, 1984

In re Complaint as to the Conduct of
## HENRY J. McCURDY,
*Accused.*

(OSB 82-135; SC S30255)

681 P2d 131

Richard L. Weil, Portland, argued the cause and filed a brief for the accused.

Marla J. McGeorge, Portland, argued the cause for the Oregon State Bar. With her on the briefs was Richardson & Murphy, Portland.

## PER CURIAM

In this disciplinary proceeding, the Oregon State Bar charges the accused with violating Disciplinary Rule 7-105(A) of the Code of Professional Responsibility. It provides:

"A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

### I

We find: A car owned by Chuck Krening, 21, was struck by another car on September 5, 1982, while it was parked. The driver of the other car, a young woman named Kathy Fluaitt, left the scene claiming to be unaware that she had struck Krening's car. Witnesses took down her license number, and Krening later traced the license number to David Fluaitt, Kathy Fluaitt's father. Krening went to the Fluaitt home and spoke with Kathy Fluaitt, who denied knowledge of striking Krening's car.

Krening later returned when David Fluaitt was home. After comparing Krening's car with the Fluaitt car, it was determined that the Fluaitt car had struck Krening's car. Mr. Fluaitt then referred Krening to D&J Body Shop. Mr. Fluaitt agreed to pay the repair figure given by that shop. D&J Body Shop gave Krening an estimate of $70. Krening previously had obtained estimates from two other body shops for $267 and $276. Mr. Fluaitt refused to consider payment of either of those estimates or of any compromise between those figures and the D&J Body Shop figure.

Krening then consulted the accused. On September 29, 1982, the accused sent a letter to David and Kathy Fluaitt. The first paragraph of the letter demanded payment of $267 for the damages to Krening's car, and stated that if such payment was not received within ten days, Krening would file suit. The second paragraph of the letter reads:

"I am taking up this case because your daughter is clearly at fault and because you gave Mr. Krening such a hard time when he came over to your house. Mr. Krening had the courtesy to seek your daughter out, even though she had hit and run. She is guilty of a class A Misdemeanor for which she can receive a jail sentence of one year and a fine of $2,500. I am not telling you what the penalty is to threaten you, but I am

telling you this to illustrate the kind of person that Mr. Krening is. He is giving you a break and is entitled to be paid for the damage to his car. Find enclosed two estimates for the damage."

Krening subsequently recovered a small claims judgment of $150 against the Fluaitts. Krening paid the accused $15 for his assistance.

## II

■ The threat of criminal prosecution to enforce a claim is contrary to the accepted precepts of "fair play" and is proscribed by the lawyer's code of ethics. *In re Jann W. Carpenter,* 250 Or 394, 396, 443 P2d 238, 239 (1968). The purpose of DR 7-105(A) is expressed in Ethical Consideration 7-21:

> "The civil adjudicative process is primarily designed for the settlement of disputes between parties, while the criminal process is designed for the protection of society as a whole. Threatening to use, or using, the criminal process to coerce adjustment of private civil claims or controversies is a subversion of that process; further, the person against whom the criminal process is so misused may be deterred from asserting his legal rights and thus the usefulness of the civil process in settling private disputes is impaired. As in all cases of abuse of judicial process, the improper use of criminal process tends to diminish public confidence in our legal system."

■■ The Bar takes the position that the mention of criminal penalties in the context of a demand letter implies a threat of criminal prosecution which constitutes a per se violation of DR 7-105(A). We disagree, and hold that DR 7-105(A) requires evidence of a specific intent to threaten to present criminal charges to obtain an advantage in a civil matter.[1]

■ The letter in this case sets out possible criminal penalties, but follows with a disclaimer of intent to prosecute ("I am not telling you what the penalty is to threaten you"). Although the Bar and the accused stipulated that the Fluaitts interpreted the letter as a threat of criminal prosecution if the

---

[1] Additionally, the determination of whether a violation of DR 7-105(A) occurs in any given case may require inquiry into whether an accused threatened criminal prosecution *solely* to obtain an advantage in a civil matter, which necessarily requires evaluation of an accused's intent.

sum was not paid, Mr. Fluaitt testified that he also understood the meaning of the clause in which the accused disclaimed an intent to prosecute.

The accused states that his letter is not a model of draftsmanship and that he prepared and mailed the letter in haste. He testified that he mentioned criminal penalties not to threaten criminal prosecution but to contrast his client's "reasonable efforts" to resolve the matter with the conduct of Mr. Fluaitt. The accused also testified that he thought his client had given the Fluaitts "a break" by not bringing criminal charges and that he thought Mr. Fluaitt had tried to use his greater age and experience to give Krening a "hard time."

We are not convinced that the accused threatened to present criminal charges to obtain an advantage in a civil matter. Accordingly, we dismiss the complaint. Costs to accused.