In the Matter of JOHN J. GLAVIN, SR., an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL

DEPARTMENT, Petitioner. — In this disciplinary proceeding respondent, an Albany attorney admitted to practice in this department in 1929, is charged with one count of misconduct arising out of an April 6, 1984 letter which he sent to an individual who had apparently done some unsatisfactory repair work at the home of one of his clients. The petition charges respondent with violating several provisions of the Code of Professional Responsibility in that his letter, *inter alia,* threatens the recipient with arrest and/or jail in an effort to obtain a refund of moneys paid by the client and implies that respondent possessed the authority to impose or withhold these criminal sanctions.

Following the filing of respondent's answer, we vacated his demand for a bill of particulars and denied petitioner's motion for a reference noting that respondent did not deny sending the letter and no other factual issues of any substance were presented. In accordance with 22 NYCRR 806.5 of our rules, respondent was permitted to appear and be heard in mitigation.

Respondent's one-page letter, written on behalf of his client, charges the recipient with having "conned her out of $1,000 before you did a lick of work." The letter further informs the recipient, *inter alia,* that "you will return the money or go to jail", "you will be arrested", and "I will have a warrant issued for your arrest." In addition, the letter advises the recipient that "If you return her money and just don't do any work *then I will tell the City not to punish you*" (emphasis added). We conclude that these statements, read together, could be construed as suggesting that respondent possessed authority to impose or withhold criminal sanctions and thus constituted misrepresentation in violation of the Code of Professional Responsibility, DR 1-102 (A) (4). We also find respondent's letter to be improper in that it threatens to use the criminal process to coerce the adjustment of a private civil claim (see Code of Professional Responsibility, DR 7-105, EC 7-21; *Matter of Beachboard,* 263 NYS 492; *Matter of Gelman,* 230 App Div 524; *Matter of Hyman,* 226 App Div 468).

Although respondent believed he was justified in sending the correspondence in question, his behavior constituted unprofessional conduct for which, considering all of the circumstances, censure is the appropriate sanction.

Respondent censured. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Harvey, JJ., concur.