Homer L. BURRELL, Appellant,

v.

DISCIPLINARY BOARD OF the ALAS-
KA BAR ASSOCIATION, Appellee.

No. S–2682.

Supreme Court of Alaska.

July 21, 1989.

Rehearing Denied Aug. 24, 1989.

Homer L. Burrell, Anchorage, pro se.

Stephen J. Van Goor, Anchorage, Disci-
pline Counsel for the Alaska Bar Ass'n.

Before MATTHEWS, C.J., and
RABINOWITZ, BURKE, COMPTON
and MOORE, JJ.

## OPINION

PER CURIAM.

### I. INTRODUCTION

This case presents two charges by the
Disciplinary Board of the Alaska Bar Asso-
ciation ("Bar Association") against appel-
lant Homer L. Burrell ("Burrell"). The
first issue presented is whether the Bar
Association correctly found that Burrell
had violated DR 7–105(A), which prohibits

an attorney from threatening to present criminal charges solely to obtain an advantage in a civil case. The second issue is whether Burrell violated Alaska Bar Rules 15(7) and 28(d) by practicing law while suspended from the practice of law by order of the Alaska Supreme Court.

## II. FACTS AND PROCEEDINGS

On August 25, 1986, the Bar Association filed the instant action against Burrell before the Bar Association's Hearing Committee. The Bar Association alleged two counts.

Count one alleged that Burrell had violated DR 7–105(A) by threatening to present criminal charges solely to obtain an advantage in a civil case. The charge was based on a letter that Burrell wrote on or about March 11, 1985, as attorney in a civil matter, to Fairbanks attorney Charles D. Silvey.

The letter at issue concerned the sale by Silvey's client of a sluice box which allegedly belonged to Burrell's client. In the letter Burrell outlined his efforts over the course of two weeks to obtain some response from Silvey as to the matter. The letter then stated:

> My client has informed me that it will file a complaint for conversion with the District Attorney's office unless I provide it with some response from you, in addition to civil action which it wants me to bring.

Burrell ended the letter with an explanation of why the sluice box is crucial to his client's business, and a request that Silvey contact him.

Count two alleged that Burrell violated Alaska Bar Rules 15(7) and 28(d) by practicing law while suspended from the practice of law by order of the Alaska Supreme Court.[1] This charge is also based on a letter written by Burrell, this time to Anchorage attorney Judith J. Bazeley.

This letter, dated August 27, 1985, concerned the civil case of *Stenehjem v. Stenehjem*, 3AN–84–231 CI. Neither the letterhead nor any other part of the letter stated that Burrell was an attorney. The letter stated, in pertinent part:

> Stephanie has suffered substantial damages as a result of the Stenehjems' actions and inactions, and when I am able to, I plan to file an action for damages against them.
>
> . . . .
>
> In the meantime, Stephanie will deny the Stenehjems any visitation with their granddaughter.

In an affidavit, Burrell's client in the civil matter, Stephanie La Plante, stated that Burrell had represented her for the preceding four years without charging for his services. Ms. La Plante stated that she had asked Burrell to take action concerning the above-referenced civil case, but that Burrell had explained to her that he was suspended from practicing law. Although he could "take no action in that case, because he was suspended," he felt that he could write a letter threatening to file suit after he was reinstated, and that writing such a letter would not constitute the practice of law.

The Bar Association filed a motion for summary judgment with the Hearing Committee. Burrell filed a cross-motion for summary judgment. The Committee subsequently granted the Bar Association's motion, finding Burrell guilty on both counts, and denied Burrell's motion. On October 2, 1987, the Committee issued its findings of fact, conclusions of law, and recommendation. As a sanction the Committee recommended that Burrell be suspended from the practice of law for nine months, followed by two years of probation.

Burrell appealed the decision to the Disciplinary Board of the Bar Association, which upheld and adopted the decision of the Hearing Committee. For reasons not relevant to the instant appeal, the Disciplinary Board reconsidered its opinion, and again upheld and adopted the decision of the Hearing Committee. The Board did,

---

1. In *Burrell v. Disciplinary Board of the Alaska Bar Ass'n,* 702 P.2d 240 (Alaska 1985), this court ordered that Burrell be suspended from the active practice of law for 90 days. The 90-day period of suspension began on August 19, 1985.

however, reject the Hearing Committee's recommendation as to sanctions. It held that Burrell should be privately reprimanded for count one and suspended for sixty days for count two.

Burrell appeals the Disciplinary Board's decision to this court.

## III. DISCUSSION

### A. *Arguments Based on Freedom of Speech*

■ Burrell argues that both of the letters which form the basis of the Bar Association's case are "privileged" under article I, section 5 of the Alaska Constitution. The Bar Association, he maintains, is attempting to punish him for exercising his constitutionally protected right to free speech.

This court has expressly rejected Burrell's position. In *In re Vollintine*, 673 P.2d 755, 757 (Alaska 1983), we adopted the view of Justice Stewart in his concurring opinion in *In re Sawyer*, 360 U.S. 622, 646–47, 79 S.Ct. 1376, 1388, 3 L.Ed.2d 1473 (1959):

> [A] lawyer belongs to a profession with inherited standards of propriety and honor, which experience has shown necessary in a calling dedicated to the accomplishment of justice. He who would follow that calling must conform to those standards.
>
> Obedience to ethical precepts may require abstention from what in other circumstances might be constitutionally protected speech.

Burrell's constitutional argument therefore fails.

### B. *Burrell Violated DR 7–105(A)*

■ Disciplinary Rule 7–105(A) provides that "[a] lawyer shall not ... threaten to present criminal charges solely to obtain an advantage in a civil matter." The question presented in the instant case is whether Burrell violated the rule by writing the letter of March 11, 1985. We conclude that he did.

In determining whether an attorney's conduct violates DR 7–105(A), courts look to the extent to which the threat is intended to gain an advantage in a civil matter.[2] In *In re Vollintine*, 673 P.2d 755 (Alaska 1983), this court held that where an attorney had threatened criminal charges in a civil matter he had violated the rule. *Id.* at 758. In that case the attorney had warned that various officials of the Bureau of Land Management ("BLM") might find themselves "criminally liable" and stated: "If you ... think you are going to walk away from this ... matter unscathed, you are wrong." *Id.* at 756. The court held that the sole purpose of the letter was to influence the BLM's handling of a civil matter, and thus violated the rule. *Id.* at 758. *See also In re Charles*, 290 Or. 127, 618 P.2d 1281, 1282 (1980) (threat of criminal charges made in the context of settlement negotiations violated the rule); *People ex rel. Gallagher v. Hertz*, 198 Colo. 522, 608 P.2d 335, 338 (1979) (direct threats of criminal prosecution made with the intent to force settlement of civil matter violated the rule).

In the instant case Burrell sought recovery of the sluice box plus damages for his client. He specifically stated this objective in his letter to attorney Silvey. He followed this statement immediately in the letter with a threat of criminal action. Despite the fact that the letter's only specific request was that Silvey contact Burrell, the clear implication was that Burrell would file criminal charges if his client's claim was not vindicated. The Board, therefore, correctly found that Burrell threatened criminal prosecution solely to obtain an advantage in a civil matter.

### C. *Unauthorized Practice of Law*

■ The Bar Association argues that Burrell's letter of August 27, 1985 to Judith J. Bazeley constituted the practice of law, at a time when Burrell was suspended from practice. Burrell disagrees, arguing that the mere writing of a letter such as

**2.** *See generally* Annotation, *Initiating, or Threatening to Initiate, Criminal Prosecution as* *Grounds for Disciplining Counsel,* 42 A.L.R. 4th 1000 (1985).

the instant one does not constitute the practice of law.

Alaska Bar Rule 15(b) defines the unauthorized practice of law. That rule, however, has no application to the instant case because Burrell wrote the letter at issue before Rule 15(b) took effect on January 15, 1989. We must analyze Burrell's conduct under the standards in existence when the conduct occurred.

Prior to the enactment of Bar Rule 15(b), there was no rule in Alaska defining the practice of law. However, we considered this issue in *In re Robson,* 575 P.2d 771 (Alaska 1978). In that case we listed various activities which are within the definition of that term:

A. Representation of a client

B. Giving legal advice

C. Preparation of legal instruments

D. Holding oneself out as qualified to practice law.

E. Aiding and abetting the unauthorized practice of law.

*Id.* at 780–81 (footnotes omitted). We also noted that an attorney who is suspended from practice must be particularly prudent to avoid even the appearance of practicing law. *Id.* at 781.

Applying this rule, we hold that Burrell's conduct did constitute the unauthorized practice of law. It is obvious from the face of the letter at issue that Burrell was both representing his client and giving legal advice to her. Thus, Burrell has engaged in two of the five activities listed in *Robson* as the practice of law. Moreover, these acts occurred at a time when Burrell, as an attorney suspended from practice, had a heightened duty to avoid even appearing to practice law. Taken together, these factors support the Board's finding that Burrell's conduct constituted the unauthorized practice of law.

### D. *Sanctions*

The Board recommended a private reprimand for count one (threat of criminal prosecution) and sixty days' suspension for count two (unauthorized practice of law).

We must now determine whether to impose these sanctions. In so doing, we need not accept the Board's recommendation but may exercise our own independent judgment. Alaska Bar R. 22(r); *In re Minor,* 658 P.2d 781, 783 (Alaska 1983); *In re Simpson,* 645 P.2d 1223, 1226 (Alaska 1982). Further, although the Board's findings of fact are entitled to great weight, this court has "the authority, if not the obligation, to independently review the entire record in disciplinary proceedings...." *Simpson,* 645 P.2d at 1228.

We determine the appropriate sanction to impose for attorney misconduct on a case-by-case basis, "grounded upon a 'balanced consideration of [all] relevant factors.'" *In re Buckalew,* 731 P.2d 48, 51 (Alaska 1987) (quoting *In re Minor,* 658 P.2d 781, 784 (Alaska 1983)). We are guided by the ABA Standards for Imposing Lawyer Sanctions (1986)[3] (hereinafter "ABA Standards"). *Buckalew,* 731 P.2d at 52.

#### 1. *Count One—Threatening Criminal Prosecution*

■ We have already determined that Burrell violated DR 7–105(A). The ABA Standards classify this as a violation of the attorney's duty to the legal system. Thus, violations of DR 7–105(A) are covered by Standard 6.2, entitled "Abuse of the Legal Process." ABA Standards, App. 2.

The appropriate sanction to be applied under Standard 6.2 depends on whether Burrell violated DR 7–105(A) knowingly or negligently. ABA Standard 6.21 provides:

Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding.

Standard 6.22 provides:

Suspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interfer-

ence or potential interference with a legal proceeding.

Finally, Standard 6.23 provides:

> Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

The Hearing Committee applied Standard 6.22, finding that Burrell knowingly violated DR 7–105(A). We disagree. Alaska Bar Rule 22(e) places on the Bar Association the burden to prove Burrell's guilt by clear and convincing evidence. There is no clear and convincing evidence in the record to show that Burrell knew that his letter to Mr. Silvey violated DR 7–105(A). Indeed, conduct similar to Burrell's conduct in the instant case has been held by other courts not to violate the Rule. *See, e.g., In re McCurdy*, 297 Or. 217, 681 P.2d 131 (1984); *Decato's Case*, 117 N.H. 885, 379 A.2d 825 (1977). Thus, the mere fact that Burrell wrote the letter does not show that he knew that he thereby violated the Rule. Burrell's state of mind in violating the Rule is best described as negligent. We therefore apply Standard 6.23 to determine Burrell's punishment. Standard 6.23 provides that reprimand is appropriate for negligent violation of DR 7–105(A).

Our analysis would normally turn next to a consideration of aggravating and mitigating factors. However, because many of these factors are the same for counts one and two, we defer this analysis until after we determine the presumptive punishment warranted under count two.

### 2. *Count Two—Unauthorized Practice of Law While Under Suspension*

■ As discussed above, we find that Burrell's conduct constituted the practice of law at a time when he was suspended from practice. This conduct violated Burrell's duty to the legal profession, the public, and his client. ABA Standard 7.0. Because he violated the express terms of a prior disciplinary order, Burrell's punishment is governed by ABA Standard 8.0. Standard 8.1(a) provides:

> Disbarment is generally appropriate when a lawyer ... intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession.

Standard 8.3(a) provides:

> Reprimand is generally appropriate where a lawyer ... negligently violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession.

The Hearing Committee found that Burrell's intent in writing the letter at issue was to get as close to the line as possible without actually practicing law. This conclusion is supported by Burrell's explanation of his position to his client, and by the letter itself, which stated that Burrell planned to file suit "when I am able to." Taken together, these facts lead to the conclusion that Burrell did not knowingly or intentionally practice law. His conduct was negligent. Thus, Burrell's conduct fits within ABA Standard 8.3(a), which calls for reprimand.

### 3. *Aggravating and Mitigating Factors*

■ Having established the nature of Burrell's violations and their presumptive punishments, we turn to aggravating [4] and

---

**4.** ABA Standard 9.22 provides for consideration of the following aggravating factors:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules and orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution.

mitigating [5] factors.

Of the mitigating factors listed in Standard 9.32, the only one present in the instant case is 9.32(b), absence of a dishonest or selfish motive. It appears that Burrell wrote both of the letters at issue in an honest attempt to help his clients.

On the other side of the balance, a number of aggravating factors exist in the instant case. First, this is not Burrell's first disciplinary offense. *See Burrell v. Disciplinary Bd. of the Alaska Bar Ass'n*, 702 P.2d 240 (Alaska 1985). Second, Burrell refuses to acknowledge the wrongful nature of his conduct. Indeed, in his brief he requests a published apology from the Bar, and "an opinion castigating the Bar for having prosecuted this matter." Such requests hardly constitute an acknowledgement of the wrongful nature of his conduct. We also note that Burrell has had substantial experience in the practice of law. He has been practicing law for seventeen years.

In addition to these factors, we find Burrell's attempt to "walk the line" between practice and non-practice of law highly improper. This is especially so given our statement in *Robson* that an attorney who is suspended from practice must be particularly prudent to avoid even the appearance of practicing law. *Robson*, 575 P.2d at 781. Although Burrell did not knowingly or intentionally violate a prior discipline order by practicing law, his conduct demonstrates a troubling lack of concern for following the spirit of his prior disciplinary order.

Considering these factors, we find that a punishment of reprimand is not severe enough in this case. Burrell has made it clear, moreover, that such a punishment would have little effect on him. Accordingly, we find that Burrell should be suspended from the practice of law for one month for count one and two months for count two, the terms of the suspension to be consecutive.

---

5. ABA Standard 9.32 provides for consideration of the following mitigating factors:
   (a) absence of a prior disciplinary record;
   (b) absence of a dishonest or selfish motive;
   (c) personal or emotional problems;
   (d) timely good faith effort to make restitution or to rectify consequences of misconduct;
   (e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
   (f) inexperience in the practice of law;
   (g) character or reputation;
   (h) physical or mental disability or impairment;
   (i) delay in disciplinary proceedings;
   (j) interim rehabilitation;
   (k) imposition of other penalties or sanctions;
   (*l*) remorse;
   (m) remoteness of prior offenses.