**In the DISCIPLINARY MATTER INVOLVING Leslie A. MOR-RILL, Respondent.**

No. S–5779.

Supreme Court of Alaska.

Oct. 6, 1995.

Rehearing Denied Oct. 27, 1995.

Mark Woelber, Assistant Bar Counsel, Anchorage, for Alaska Bar Association.

Before: MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

PER CURIAM.

At issue is the proper sanction for the misconduct of Alaska attorney Leslie A. Morrill. In *Burrell v. Disciplinary Board*, 777 P.2d 1140, 1143 (Alaska 1989), we summarized the standard of review in disciplinary cases:

> [W]e need not accept the Board's recommendation but may exercise our own independent judgment. Further, although the Board's findings of fact are entitled to great weight, this court has "the authority, if not the obligation, to independently review the entire record in disciplinary proceedings...."

(Citations omitted) (quoting *In re Simpson*, 645 P.2d 1223, 1228 (Alaska 1982)). In this case, after completing an independent review of the record, we conclude that the Disciplinary Board's recommendation is reasonable. We therefore follow the Board's recommendation and find that Leslie A. Morrill should be suspended from the practice of law for one day less than five years.[1]

AFFIRMED.

RABINOWITZ, Justice, dissenting.

I dissent from the majority's acceptance of the Disciplinary Board's recommendation that Leslie A. Morrill should be suspended from the practice of law for one day less than five years. Study of the record leads me to the conclusion that the proper sanction for the misconduct of Morrill is that of disbarment. In short, I would reject the Disciplinary Board's recommendation and adopt the Hearing Committee's findings and conclusion recommending disbarment.

---

1. The most serious charge against Morrill is the MacDonald grievance. While Morrill was suspended from the practice of law for nonpayment of dues she filed a bankruptcy petition on behalf of a client through a corporation she owned, Legal Management Services. When questioned by Bankruptcy Judge MacDonald, she admitted that she had formed Legal Management Services in order to circumvent her suspension. As a result of her conduct, her client's bankruptcy petition was dismissed. The record does not reveal whether the petition was dismissed with prejudice. Although Morrill's conduct in the MacDonald matter fell seriously short of the duty of candor which she owed the bankruptcy court, she did not lie to the court. We do not believe that this conduct, considering both its nature and its consequences, necessarily requires disbarment.

Bar counsel argues that Morrill's conduct taken as a whole is at least as bad as that involved in *In re Crone*, Supreme Court No. S–6197 (April 1, 1994), in which we entered an order of disbarment. *Crone*, however, involved the misappropriation of client funds and is distinguishable from the present case on that basis.

In its Decision and Recommendation the Hearing Committee concluded:

> Considering the Recommended Sanctions for Ms. Morrill's individual offenses, the multiple nature of Ms. Morrill's offenses, all aggravating circumstances, the absence of proof of any significant mitigating circumstances (such as personal, emotional or mental problems), and Ms. Morrill's obvious intentional disregard for the disciplinary procedures, the Panel recommends the sanction of disbarment of Ms. Morrill.[1]

Review of the "MacDonald" grievance, along with the record pertaining to the two additional grievances proven against Morrill, demonstrates that disbarment is the appropriate sanction.

Concerning the MacDonald grievance, the record indicates that United States Bankruptcy Judge Donald MacDonald IV filed a grievance against Morrill. He alleged, in part, that Morrill appeared in his court on behalf of the Azuma Corporation, a corporate debtor seeking reorganization under Chapter 11 at a time when Morrill was suspended from the practice of law by the Alaska Bar Association for non-payment of dues.

The Hearing Committee found that Morrill violated DR 1–102(A)(1), (2), (4), and (6), as well as DR 3–101(B) and DR 7–101(A)(3). More specifically, the Committee found that by practicing law while suspended and using "Legal Management Services" to circumvent her suspension, Morrill disregarded court rules and regulations of the Alaska Bar Association and engaged in "active dishonesty and misrepresentation." The Committee also found:

> By appearing as legal counsel on behalf of Azuma while legally unqualified to do so, Ms. Morrill injured her client—according to Judge MacDonald, Azuma's petition was dismissed as a result of Ms. Morrill's conduct.

As to Morrill's mental state, the Hearing Committee found that her practice of law while suspended was both intentional and knowing, but that her conduct causing injury to Azuma was merely negligent.[2] Concerning the extent of the actual or potential injury caused by Morrill's misconduct, the Hearing Committee found that Azuma's Chapter 11 Bankruptcy petition was dismissed and that the "dismissal of a client's bankruptcy petition is a serious injury." Similarly, the Hearing Committee stated that "Judge MacDonald alleges that Azuma may have been able to successfully reorganize its financial affairs but for Ms. Morrill's conduct." The Hearing Committee additionally concluded that "regardless of whether Azuma eventually refiled a bankruptcy petition, the *potential* injury Ms. Morrill caused to Azuma was serious." (Emphasis in original.)

As for Morrill's deceptive conduct toward the bankruptcy court, the Hearing Committee concluded that Discipline Standard 6.11 was the applicable standard to apply in fashioning an appropriate sanction. This standard states:

---

**1.** The Hearing Committee found that Morrill violated Disciplinary Rules 1–102(A)(1), (2), (4) and (6); 3–101(B); 6–101(A)(2) and (3); 7–101(A)(1), (2) and (3); and Alaska Bar Rule 15(a)(4).

**2.** The Hearing Committee's findings regarding Morrill's mental state include the following:

> [S]he appeared in his Court while suspended— and the fact that she appeared in Court in the corporate capacity of Legal Management Services for the admitted purpose of "getting around" her suspension—Ms. Morrill acted with intentional and knowing disregard for the rules of the Court and the rules of the ABA (Ms. Morrill acted with "the conscious objective or purpose to accomplish a particular result").

> While Ms. Morrill obviously intended to violate the rules of the court and profession by practicing law at a time when she was sus-

> pended, it is not apparent that she intended to injure Azuma through her conduct. Ms. Morrill did, however, knowingly withhold material information from her client—namely her suspended status with the ABA—and caused injury to her client as a result. Judge MacDonald's comments reflect that Ms. Morrill acted on behalf of Azuma in a misguided attempt to "help out a friend." Ms. Morrill's conduct was obviously knowing to the extent that she withheld information from Azuma, and was negligent to the extent of her appearance in Court on Azuma's behalf. Any reasonably competent attorney would have recognized that, based upon Ms. Morrill's suspended status, her appearance for Azuma created an unreasonable risk of harm to Azuma.

Disbarment is generally appropriate when a lawyer, with the intent to deceive the Court, makes a false statement, submits a false document, or improperly withholds material information and causes serious or potentially serious injury to a party, or causes significant or potentially significant adverse effect on the legal proceeding.

In determining that the recommended sanction for Morrill should be disbarment the Hearing Committee entered the following findings of fact:

In filing Azuma's petition and appearing in Judge MacDonald's Court on behalf of Azuma, Ms. Morrill acted with "the intent to deceive the Court" by "making a false statement" and "withholding material information" regarding her suspended status with the ABA.

Ms. Morrill's wrongdoing is not mitigated by her later admissions to Judge Mac-Donald—it was only in response to Judge MacDonald's inquiry that Ms. Morrill provided truthful information regarding her suspension and use of Legal Management Services to circumvent her suspension. The ethics rules require a lawyer to be candid and truthful even in the absence of an inquiry by the Court, and there is every indication to this Panel that, but for Judge MacDonald's inquiry, Ms. Morrill would have continued her intentional misrepresentation. The Panel believes that Ms. Morrill's conduct with respect to practicing law while suspended and attempting to circumvent her suspension through deception, absent mitigating circumstances, warrant[s] the sanction of disbarment.

3. In concluding that disbarment should be its recommended sanction, the Hearing Committee analyzed the factor of aggravating and mitigating circumstances in the following manner:

The Standards do not state recommendations regarding the appropriate sanction for multiple charges of misconduct. The Standards do provide, however, that where there are multiple violations, the ultimate sanction imposed should be consistent with the sanction for the most serious instance of misconduct and that the sanction might well be, *and generally should be,* greater than the sanction for the most serious offense.

The sanctions recommended with respect to these violations, taken individually, are suspension and disbarment. Viewed cumulatively and in light of the Discipline Standards' statement regarding the appropriate sanction in

Upon a combined consideration of the cumulative aspects of the MacDonald Grievance (both Ms. Morrill's deception and the injury to Azuma), the Panel believes that, absent mitigating circumstances (discussed below), the recommended sanction for Ms. Morrill is disbarment.

Decision and Recommendation.[3]

On the basis of the above findings and conclusion, I am persuaded that the Hearing Committee's recommendation is more appropriate than that of the Disciplinary Board. I would therefore hold that Leslie A. Morrill should be disbarred from the practice of law.

instances of multiple violations, the Panel believes that the recommended sanction for Ms. Morrill's multiple offenses [including Ms. Morrill's misconduct in the discipline procedure (deception and intentional avoidance of service) and failure to respond to the grievances] is disbarment.

The only mitigating circumstance that the panel can identify in this case is Ms. Morrill's lack of a prior disciplinary record. This mitigating circumstance, however, is significantly outweighed by Ms. Morrill's present multiple offense [representing a pattern of misconduct], Ms. Morrill's deceptive practices during the disciplinary process, and her refusal to answer for her misconduct by responding to the grievances (and actually intentionally attempting to elude service).