■ BANQUE INDOSUEZ, Respondent-Appellant, v BARCLAYS BANK PLC, Appellant-Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered August 1, 1991, which granted in part and denied in part defendant's motion for summary judgment, unanimously modified, on the law, to the extent of dismissing plaintiff's claim for punitive damages, and otherwise affirmed, without costs.

Plaintiff alleges that defendant induced it through fraudulent and negligent misrepresentations to extend a loan to nonparty Cuyahoga Wrecking Corporation. We agree with the IAS court that plaintiff has a cause of action for fraud based on the letter of reference, dated July 15, 1989, requested by plaintiff, in which defendant's loan officer indicated that a certain $4 million overdraft regarding the Cuyahoga account was "under review" on July 15, 1989, when by another letter signed by the same loan officer on the same date, defendant demanded repayment of the overdraft. Accordingly, a jury could decide that the statement that the overdraft was "under review" was an affirmative misrepresentation or a "half-truth", and therefore fraudulent (see, Sheridan Drive-In v State of New York, 16 AD2d 400, 408; see also, Noved Realty Corp. v A.A.P. Co., 250 App Div 1, 5-6). While defendant argues that "causation" has not been demonstrated, a jury could reasonably find that the alleged misrepresentations were a "substantial factor" in inducing the loan (see, Matthews v Schusheim, 42 AD2d 217, 221, affd 35 NY2d 686). With respect to the claim for negligent misrepresentation, although plaintiff did not "hire" defendant to provide it with credit information concerning Cuyahoga, the claim is nonetheless viable because of the special relationship that existed between the parties (see, Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417; Credit Alliance Corp. v Andersen & Co., 65 NY2d 536, 551). However, the claim for punitive damages should have been dismissed. Punitive damages are only available in actions where there has been a public wrong, or where the parties are in a fiduciary or confidential relationship (see, Belco Petroleum Corp. v AIG Oil Rig, 164 AD2d 583, 587, n 3). Here, a public wrong has not been sufficiently alleged, and the parties' relationships were not confidential or fiduciary in nature. We have considered the other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.