■ MICHAEL SIMON et al., Appellants-Respondents, v ERNST & YOUNG, Now Known as ERNST & YOUNG, L. L. P., Respondent-Appellant. [637 NYS2d 375] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 19, 1995, which, in an action for negligence and fraud by defendant accountant firm in connection with its certification of a nonparty's financial statements, granted defendant's motion for failure to state a cause of action only insofar as punitive damages were sought, unanimously modified, on the law, to the extent of dismissing the negligence causes of action as well, and otherwise affirmed, without costs.

The claim for punitive damages was properly dismissed in the absence of allegations of a public wrong (*see, Banque Indosuez v Barclays Bank*, 181 AD2d 447), or of defendant's knowledge and concealment of illegal acts or failure to withdraw in the face of a conflict of interest (*see, Spingold Found. v Wallin, Simon, Black & Co.*, 184 AD2d 464, 465-466). Plaintiffs' claims of fraud or recklessness were sufficiently particularized by allegations of, *inter alia*, the generally accepted auditing standards defendant departed from, how that departure rendered defendant's financial reports inaccurate, and why plaintiffs' reliance was reasonable (*see, Weinberger v Kendrick*, 451 F Supp 79, 83-84 [SD NY]); how defendant recklessly failed to independently verify and investigate the documents of a corporation it knew had severe internal control and

reporting problems (*see, Joel v Weber*, 166 AD2d 130, 136); and how defendant failed to investigate the accusations of gross under-reporting of liabilities (*see, Curiale v Peat, Marwick, Mitchell & Co.*, 214 AD2d 16; 19-22). However, plaintiffs' claims of negligence were not adequately supported by allegations of conduct on defendant's part creating a relationship between the parties approaching privity (*see, Security Pac. Bus. Credit v Peat Marwick Main & Co.*, 79 NY2d 695, 705). At most, plaintiffs' allegations show only that their reliance on defendant's financial reports was an " 'indirect or collateral' " consequence of defendant's auditing work, and not " 'the end and aim of the transaction' " (*Kidd v Havens*, 171 AD2d 336, 339). Accordingly, we modify to dismiss the negligence claims. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.