■ RICH & RICH TRADING Co., Appellant, v THEODORE, LTD., et al., Respondents. (And a Third-Party Action.) [639 NYS2d 4]

It is well settled that the harsh remedy of striking a pleading should not be employed without a clear showing of deliberate and willful refusal to disclose (*Washington v Alco Auto Sales*, 199 AD2d 165), i.e., "where the refusal to obey an order for disclosure or failure to disclose pursuant to notice is clearly contumacious or deliberate" (*Berman v Szpilzinger*, 180 AD2d 612). The penalty to be imposed for such a refusal or failure is a matter within the sound discretion of the court *(supra)*. Here, it was an improvident exercise of discretion to dismiss the plaintiff's complaint for failure to produce Mr. Mok, a Hong Kong resident, for a deposition within the allotted time, where the failure was clearly not deliberate or willful. Prior to the expiration of the 60-day limit for Mr. Mok's production, plaintiff offered two dates to defendants, albeit after the 60-day time period, when Mr. Mok would be in New York and available for a deposition. In addition, it is not disputed that Mr. Mok in fact appeared and was deposed by defendant on December 5, 1994, two days before entry of the order dismissing the complaint. These facts demonstrate an attempt at compliance with the court's directives as opposed to deliberate or willful refusal to comply. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.