### (August 21, 1997)

■ BARALAN INTERNATIONAL, S.P.A., Respondent, v AVANT INDUSTRIES, LIMITED, Appellant, et al., Defendants. [661 NYS2d 226] —Order, Supreme Court, New York County (Walter Tolub, J.), entered February 15, 1996, which denied defendant Avant's motion to hold plaintiff in contempt, unanimously reversed, on the law, the motion granted, with costs, and the matter remitted to Supreme Court for a hearing to determine the amount of reasonable attorneys' fees to be imposed as a fine for violation of discovery orders.

In our most recent review of this 18-year-old litigation, we scotched plaintiff's attempt to limit sanctions by voluntarily discontinuing the action. Instead, we allowed plaintiff to discontinue only on condition that it pay Avant's costs, disbursements and attorneys' fees from the inception of the action. In remanding for determination of a suitable amount, we noted that the record amply portrayed plaintiff as "largely responsible for the delays which have not only prejudiced Avant by its having to defend this action at considerable expense over so many years but * * * have [also] abused the resources of the New York courts" (215 AD2d 338, 339). In subsequently referring the issue of reasonable attorneys' fees to a Special Referee, Justice Tolub rejected plaintiff's effort to limit that sanction to $10,000 (notwithstanding 22 NYCRR 130-1.2), citing our unrestricted order and "the long tortious [sic] history of this litigation". Plaintiff then announced its intention to

withdraw its motion to discontinue, thus pulling the plug on the court-imposed condition for discontinuance. Avant thereupon moved to hold plaintiff in contempt for its conduct throughout the history of this case, and asked for a fine that would match the sanction conditionally mandated earlier by this Court. That motion was denied, Justice Tolub finding "no order or directive which the plaintiff has violated which would warrant the relief requested." We disagree.

The record is replete with evidence of plaintiff's flaunting of discovery orders, and the great expense Avant has suffered thereby (including trips to Italy for fruitless depositions). Disobedience of a lawful mandate of the court is a ground for civil contempt (Judiciary Law § 753 [A] [3]). Failure to comply with court-ordered disclosure, without justifiable explanation, constitutes willful and contumacious conduct (*Bankers Trust Co. v Braten*, 194 AD2d 378, 379, *lv dismissed* 82 NY2d 840; *Johnson v City of New York*, 188 AD2d 302, 303). Courts have inherent authority to impose remedial fines for failure to obey their orders (*McCain v Dinkins*, 84 NY2d 216). Plaintiff seeks to hide behind the "American Rule," which generally requires each side to bear its own costs of litigation. Under this rule, which is designed to remove barriers to judicial redress, the preferred remedy for vexatious litigation is a plenary action, normally after the challenged proceedings have concluded (*Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). However, in order to avoid needless, extensive satellite litigation, there is a "bad-faith exception" to the American Rule (*see, Milltex Indus. Corp. v Jacquard Lace Co.*, 55 F3d 34, 37-38), whose compensatory effect is akin to the remedial fine imposed for civil contempt (*Chambers v NASCO, Inc.*, 501 US 32, 53-54). Plaintiff's documented bad faith provided ample grounds for the court to have imposed compensatory sanctions for contempt. Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.