(December 18, 1997)

■ A. WALKER BINGHAM, III, et al., Appellants-Respondents, v CATHERINE T. A. STRUVE, Respondent-Appellant. [666 NYS2d 590] —Appeal from order, Supreme Court, New York County (Carol Arber, J.), entered May 8, 1995, which, inter alia, denied plaintiffs' motion for summary judgment, and granted plaintiffs' request to strike defendant's answer and counterclaims to the extent of striking the counterclaims only, unanimously dismissed, without costs; and, insofar as defendant has cross-appealed from that portion of the aforesaid order dismissing her counterclaims and denying her cross-motion for summary judgment, the order is unanimously affirmed, without costs.

Plaintiffs' appeal from the above-described interlocutory order must be dismissed by reason of the subsequent entry of judgment dismissing the action (see, Matter of Aho, 39 NY2d 241, 248). While we previously denied a motion by the defendant to dismiss the appeal, we did so by reason of our expectation that there would be an appeal from the final judgment bringing up for review the issues raised in the interlocutory appeal (see, CPLR 5501 [a] [1]). However, the appeal from the final judgment has never been perfected and as the time for doing so has come and gone and indeed been exceeded by many months during which there has been no request for enlargement, we believe it fair to conclude that, contrary to our expectations, the appeal from the final judgment has been abandoned. This being the case, it would appear clear that there exists no means by which the challenged interlocutory disposition might be placed before this Court, and, accordingly, that there is no point to the further retention of the appeal from that disposition on our docket.

Respecting the cross-appeal, it suffices to note that while the striking of a pleading pursuant to CPLR 3126 is a harsh and drastic remedy, it is nevertheless generally within the discre-

tion of the motion court to determine an appropriate penalty for a party's deliberate failure to respond to a court order of disclosure (*Rich & Rich Trading Co. v Theodore, Ltd.*, 225 AD2d 307). Here, defendant's repeated, adamantine refusal to submit to court-ordered examination by plaintiffs' expert provided ample justification—particularly under the circumstances of this case in which defendant had herself placed her psychiatric condition in issue—for the motion court's dismissal of defendant's counterclaims. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.