■ JOHN NEW, Respondent, v SCORES ENTERTAINMENT, INC., Appellant. [679 NYS2d 382] —Order, Supreme Court, New York County (Emily Goodman, J.), entered July 28, 1997, which dismissed defendant's answer and directed defendant to pay $2,500 based on failure to comply with discovery orders, unanimously modified, on the law, the facts, and in the exercise of discretion, to reinstate defendant's answer and to provide that defendant is precluded from offering testimony by any witness not already identified, and otherwise affirmed, without costs. Order, same court and Justice, entered November 18, 1997, which denied defendant's motion to strike plaintiff's complaint, unanimously affirmed, without costs.

It is well established that "in furtherance of the policy of favoring the resolution of actions on the merits, the extreme sanction of dismissal is warranted only where a clear showing has been made that the noncompliance with a discovery order was willful, contumacious or due to bad faith" (*Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193; *see also, Rich & Rich Trading Co. v Theodore, Ltd.*, 225 AD2d 307; *Gross v Edmer Sanitary Supply Co.*, 201 AD2d 390). Here, while there was considerable evidence that defendant and/or its counsel took an irresponsible attitude to complying with discovery obligations, we do not find that level of willfulness that would justify dismissal. However, in light of the repeated failure of the defense to provide the names of persons employed by it at the time of the subject incident, we find that defendant should be precluded from offering testimony of any witnesses who have not yet been identified. We note that defendant's claim that it has been unable to ascertain those names because its documents were seized by Federal authorities has not been supported by evidence or by any assertion that an attempt was made to obtain the information from those authorities.

Moreover, we find that the circumstances fully warranted the imposition of the $2,500 penalty pursuant to CPLR 3126 as fair recompense for time spent by plaintiff's attorney in unsuc-

cessful attempts to obtain compliance with discovery orders. We note that this penalty, which was imposed pursuant to the provisions of CPLR 3126 setting forth penalties for failure to comply with discovery obligations, was not governed by the provisions of 22 NYCRR 130-1.1 and it was therefore not necessary that the court find that defendant's behavior had been "frivolous" within the meaning of that rule (see, Taub v Wulwick, 168 AD2d 492).

In light of the absence of any evidence indicating that plaintiff's late filing of the note of issue was willful or contumacious, the court properly denied defendant's motion to strike the complaint. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.