OPINION OF THE COURT
Rolando T. Acosta, J.
During the pendency of this court’s issuance of a judgment *295 on this breach of contract action, tried before the court without a jury, plaintiffs counsel moved for an order imposing sanctions upon defense counsel and granting other related relief. The motion is based upon plaintiffs counsel’s allegation, undisputed by defendant, that defense counsel, a former Assistant District Attorney, had attempted to intimidate plaintiff into withdrawing its already-tried lawsuit by threatening criminal prosecution against plaintiffs vice-president and plaintiffs counsel. The threat of criminal prosecution was based upon defense counsel’s contention that plaintiff submitted to the court certain false affidavits. The motion requires the court to determine whether the alleged threat of criminal prosecution during the pendency of this civil action was “undertaken primarily to * * * harass or maliciously injure another,” such that it is sanctionable under section 130-1.1 (c) (2) of the Rules of the Chief Administrator of the Courts (22 NYCRR).
Factual Background and Plaintiffs Motion for Sanctions
Prior to the commencement of this action, plaintiffs counsel sent defendant a letter demanding payment for plaintiffs production and delivery of 1,200 brochures. In response to that letter, defense counsel (the CEO of defendant corporation) promptly sent plaintiff and plaintiffs counsel a letter claiming that the brochures were “expressly at no charge.” In that letter defendant’s counsel also stated:
“To be clear, any attempt to now illegally demand payment for your clients stated past services at no charge will not be tolerated.
“As an attorney and former Assistant District Attorney for the State of New York, I can assure you that such fraudulent demands for moneys will be considered and treated as fraudulent and/or extortion. Such a pattern of acts, communications and or conduct, with the intent to obtain unlawful economic gain through the use of illegal intimidating, threatening acts and/or harassing communications [sic] * * *
‘Your clients cannot rationally believe they can extort payment from individuals with this illegal scheme.
“Any further unlawful demands for payment will be promptly prosecuted as previously stated” (emphasis in original). Plaintiff later commenced this action and the case was tried before the court without a jury.
During the actual trial, defense counsel sought to impeach plaintiffs vice-president with certain prior sworn statements *296 which defense counsel claimed were perjurious. Following the completion of the trial, the parties agreed to submit posttrial memoranda, and defense counsel expressly “reserved] [his] rights to make a motion to this court for a separate hearing to determine issues of sanctions and possible perjurious testimony [sic].”
Prior to such submission, however, defense counsel sent plaintiff and plaintiff’s counsel a letter apparently in response to plaintiff’s counsel’s attempt to conference the action for purposes of a posttrial settlement. Defense counsel’s letter, however, contained the following threats/admonitions:
“This case involves potential future, extensive litigation including trial briefs, appellate proceedings and related ongoing litigation. Moreover, to be absolutely clear, as an officer of the court, I am continuing to investigate the extremely serious issues regarding the commission of felony and other related offenses by [plaintiff’s vice-president], and yourself [plaintiff’s counsel].
“These offenses involve peijury and related offenses under Article 210 of the New York State Penal Law, Article 215, Offenses relating to Judicial, Contempt and other proceedings, Article 195, Offenses against Public Administration, and other related crimes. I must inform you herein, make no mistake, these are extremely serious offenses.
“Again, based on your request, I will await a response from your office, on or before [a specified date] * * * with a view towards conferencing these matters.
“In the event I do not receive any communications, I must assume you have elected to litigate these matters in all appropriate courts and related forums” (emphasis in original). Annexed to defense counsel’s letter were copies of four pages of article 210 of the Penal Law setting forth the substance of the 11 Penal Law sections under article 210.
Certain sections of the Penal Law, and the elements thereof, were highlighted in green by defense counsel, such as peijury in the second degree (Penal Law § 210.10), peijury in the first degree (Penal Law § 210.15), making an apparently sworn false statement in the second degree (Penal Law § 210.35), making an apparently sworn false statement in the first degree (Penal Law § 210.40), and making a punishable false written statement (Penal Law § 210.45). Defense counsel also highlighted the class of the felony of the foregoing offenses (i.e., “a class D felony”).
*297 Upon receipt of the aforementioned letter, plaintiffs counsel promptly notified the court and sought the imposition of sanctions upon defense counsel pursuant to section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR). Plaintiff claims that sanctions are required because defense counsel, by his letter, “is seeking to accomplish by threats and intimidation what [counsel] * * * has failed to accomplish at the trial itself, namely prevailing in the” lawsuit. The letter, according to plaintiff, “suggests that should plaintiff not abandon pursuit of its claim now,” defense counsel will “saddl[e] plaintiff — and its counsel — with criminal liability for alleged ‘perjury’ and ‘related offenses,’ or minimally with the cost and aggravation of having to defend against them.”
Plaintiff specifically asks the court to “consider carefully the in terrorem effect” of the letter, contending that defense counsel was attempting to instill in plaintiff the fear that “[a]s a former prosecutor, no doubt still with friends in the New York County District Attorney’s Office ready to do his bidding, [defense counsel] will seek to precipitate an investigation of the bogus charges solely to cause plaintiff and its counsel as much distress as possible.” Plaintiff’s counsel concludes that the letter “crosses the line so far to the side of egregious misconduct that the Court must take action by using the power it possesses to maintain the very dignity of the system itself.”
Although plaintiff’s motion specifically sought the immediate imposition of sanctions, defense counsel never answered the motion. Nor did defendant’s counsel answer plaintiff’s counsel’s subsequently filed affirmation in support of the motion, in which plaintiffs counsel reiterated his contentions, or defendant’s counsel’s letter dated October 13, 1999, in which plaintiffs counsel laments the defendant’s complete refusal to address the issue.
Instead of answering plaintiffs motion for sanctions, defendant’s counsel moved (in his posttrial memorandum and later by order to show cause), for an order holding plaintiff and plaintiffs counsel in contempt (for alleged peijury) and imposing sanctions. The court ultimately consolidated the motions of the parties.
In a separate order and decision issued herewith, the court has now denied defense counsel’s motion for contempt and sanctions, finding that the sworn statements contained in the affidavits in this case were not sufficiently misleading as to warrant a finding of contempt or perjury or a finding that the affidavits contain “material factual statements that are false.”
*298 Plaintiff’s counsel’s motion for an order imposing sanctions upon defendant’s counsel, however, is hereby granted pursuant to section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR).
The Court’s Findings
Section 130-1.1 (a) of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1 [a]) provides, in pertinent part, that: “The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court * * * costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion [,] may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct.” Frivolous conduct is defined as conduct which, inter alia, “is undertaken primarily to delay or prolong the resolution of the litigation or to harass or maliciously injure another.” (22 NYCRR 130-1.1 [c] [2].)
In determining whether certain conduct is frivolous, the court shall consider “[1] the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and [2] whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.” (22 NYCRR 130-1.1 [c] [3].)
Here, the court finds that defense counsel’s letter threatening criminal prosecution was “undertaken primarily to * * * harass or maliciously injure” plaintiff and plaintiff’s counsel, sufficient to impose sanctions upon defense counsel. (22 NYCRR 130-1.1 [c] [2].) The import and tenor of the letter, coupled with defense counsel’s prior announcement that he was a “former Assistant District Attorney for the State of New York,” unmistakably conveys the bold impression that should plaintiff refuse or fail to abandon its already-tried civil claims, defense counsel will wreak havoc upon his adversaries by commencing criminal prosecutions.
Impressions aside, the actual language used in the letter notifies plaintiff and plaintiff’s counsel in no uncertain terms that defense counsel is “investigating]’’ plaintiff’s “commission” of certain specified, “extremely serious offenses” which will be “litigate [d] * * * in all appropriate courts and related forums,” *299 should plaintiff refuse to settle the underlying, already-tried claims, against which defendant did not even put forth a defense. And, if the letter itself left any doubt about its threatening and coercive nature, the annexed copies of the Penal Law, highlighted by counsel for emphasis, effectively laid that doubt to rest. Defense counsel, having failed to put forth any defense at trial, was attempting to accomplish by harassing threats what he was unable to accomplish at the trial itself, namely the dismissal of plaintiffs breach of contract claims.
That the threat was undertaken primarily to harass plaintiff into abandoning its claim and to otherwise maliciously injure plaintiff is clear from the critical, precipitous timing of the letter and the context in which it was sent. Counsel’s threat was not an off-the-cuff remark made in the heat of battle without time for adequate reflection. Instead, the threat — which was never retracted, not even in hindsight — was made only days after the trial had ended and during a time when a verdict was pending. Further, the threatening letter must be considered in light of the prior letter written by defense counsel, in which he explicitly stated that any further “fraudulent demands for moneys will be considered and treated as fraudulent and/or extortion” and “will be promptly prosecuted” (emphasis added).
Under these circumstances, the court finds that defense counsel’s letter was part of a calculated, deliberate strategy designed to harass plaintiff into folding its litigation hand, lest the wrath of this former Assistant District Attorney be unleashed. Defense counsel’s conduct crosses the line and cannot be tolerated.
Although the court is not making any finding as to whether defense counsel violated any of the pertinent Disciplinary Rules, or whether defense counsel should be otherwise disciplined,[1] it is noteworthy that Code of Professional Responsibility DR 7-105 (A) (22 NYCRR 1200.36 [a]) provides that “[a] lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter.”
Applying the foregoing rule, courts have not hesitated to dis *300 cipline an attorney who has threatened criminal action against his or her adversary in a civil matter. (See, e.g., Matter of Glavin, 107 AD2d 1006 [3d Dept 1985] [attorney’s letter, sent on behalf of client, which suggests that attorney possesses authority to impose or withhold criminal sanctions and threatens the use of the criminal process to coerce the adjustment of a private civil claim violates the Disciplinary Rules and warrants censure]; In re Beachboard, 263 NYS 492 [1st Dept 1933] [censure warranted where attorney sent his adversary a letter containing threat that unless small amount of money was immediately paid, attorney would present matter to district attorney on charge of larceny and embezzlement]; Matter of Hyman, 226 App Div 468, 469 [1st Dept 1929] [censure warranted where attorney sent adversary a letter stating that “ ‘(u)nless you show some substantial evidence of your willingness to compensate (plaintiff) for her injuries, I shall have no other alternative but to immediately criminally prosecute you for assault’ ”]; see also, Cohen and McShea, Threatening to Contact the Criminal Authorities: A Lawyer’s Dilemma, NYLJ, Oct. 26, 1999, at 1, cols 1-2, at 4, cols 4-6 [citing cases].)
Significantly, the court has bent over backwards to avoid the imposition of sanctions, giving defense counsel every “reasonable opportunity to be heard” (22 NYCRR 130-1.1 [d])[2] and every reasonable opportunity to answer the most serious complaints leveled against him almost nine months ago. And yet, for reasons unknown to the court, defense counsel has decided to remain emphatically mute in the face of plaintiffs *301 pointed complaint — offering no justification, much less an explanation or apology, for his egregious misconduct.[3]
This court, mindful of its overriding responsibility to “deter conduct that * * * inhibits the proper administration of the court system” (Matter of Gordon v Marrone, supra, 202 AD2d, at 111), cannot countenance defense counsel’s conduct. Sanctions must be imposed.
Accordingly, plaintiff’s motion for an order imposing sanctions upon defense counsel is granted. Although the court may properly fix the amount of the sanction without the necessity of a hearing (see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N. Y. v 198 Broadway, supra, 76 NY2d, at 413, n), the court, “proceed[ing]” with as much “cautio[n]” as it possibly can (supra, at 415), hereby orders a hearing to determine the amount of the sanction. This hearing will give defense counsel a final opportunity to be heard at least with respect to the amount of the sanction.
Further, although plaintiff did not expressly move for an award of costs (as opposed to sanctions), the court, for the reasons stated herein, finds that it is appropriate to sua sponte consider the award of costs pursuant to 22 NYCRR 130-1.1 (d). Thus, defense counsel is hereby ordered to show cause at the sanctions hearing why the court should not also award costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees. This opportunity to be heard on the question of costs is necessary because defense counsel did not receive any notice that the court would be considering the award of costs as part of its review of the motion for the imposition of sanctions.
The court’s exercise of its “discretion” to impose sanctions and to consider the award of costs in this case comes only after careful and prolonged deliberation, giving defense counsel the benefit of every reasonable doubt. Yet, the nature of the *302 misconduct in this case is so detrimental to the adversary process and the administration of justice, and defense counsel’s deafening silence is so inexplicable and is such an affront to the court, that the court has no other alternative but to impose sanctions upon defense counsel. The court will do so following the sanctions hearing.
The parties are hereby ordered to appear before this court for the hearing on sanctions and costs which will be scheduled forthwith.

. The court will, however, forward a copy of this decision to the appropriate Disciplinary Committee, when the court issues a final order in the case.

. Although plaintiffs letter (in which it moved for sanctions) did not fully comply with the technical requirements of CPLR 2214, the court finds that defense counsel was nevertheless given a “reasonable opportunity to be heard” as required by 22 NYCRR 130-1.1 (d), since (a) defense counsel never raised an objection to the manner in which plaintiff moved for sanctions, or the form of the letter, (b) there is no question that defense counsel received the letter, (c) the court informed the parties in its decision dated July 26, 1999, that it was reserving decision on the motion for sanctions contained in plaintiffs letter and consolidating that motion with defense counsel’s own motion, and (d) defense counsel conceded that it had received plaintiffs affirmation in support of the letter motion for sanctions. Under these circumstances, defense counsel had adequate notice and more than a reasonable opportunity to be heard (see, e.g., Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of N. Y. v 198 Broadway, 76 NY2d 411, 413, n [1999]; Matter of Gordon v Marrone, 202 AD2d 104, 111 [2d Dept 1994]), and plaintiffs failure to strictly comply with CPLR 2214 is deemed waived by defense counsel.

. Instead of answering plaintiff’s motion for sanctions, defendant’s counsel moved (in his posttrial memorandum and later by order to show cause), for an order holding plaintiff and plaintiff’s counsel in contempt (for alleged perjury) and imposing sanctions. Plaintiff has not claimed that the filing of that motion is frivolous or sanctionable and the court expressly finds that the filing of that motion, unlike the threat of criminal prosecution, was not inappropriate. In a separate order and decision issued herewith, the court has now denied defense counsel’s motion for contempt and sanctions, finding that although the sworn statements contained in the affidavits should have been more precisely prepared, they were not sufficiently misleading as to warrant a finding of contempt or perjury or a finding that the affidavits contain “material factual statements that are false.”