■ BARALAN INTERNATIONAL, S.P.A., Respondent, v VETRERIE BORMIOLI, ING. LUIGI, S.P.A., et al., Defendants, and AVANT INDUSTRIES, LIMITED et al., Appellants. [721 NYS2d 37] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 9, 2000, which denied the motion of defendant Avant Industries, Limited (Avant) to vacate the November 10, 1999 order of the Special Referee directing the Clerk of the Court to issue an open commission for the deposition of the non-party former principal of Avant, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted and the November 10, 1999 order vacated.

This action was originally commenced in the Supreme Court in 1979, and has been the subject of several prior appeals to this Court. The only remaining issue is the sum to be awarded to defendant Avant pursuant to this Court's order directing a hearing to determine the amount of reasonable attorneys' fees to be imposed upon plaintiff as a contempt fine (*see*, *Baralan Intl. v Avant Indus.*, 242 AD2d 226, 227). That issue was then referred by Supreme Court to a Special Referee. The Special Referee heard the evidence offered by Avant, including the testimony of Joseph Cook, its New Jersey counsel, and Costantino Suriano, its New York counsel, and the invoices and bills of the two law firms relating to the action. According to the submitted documentation, Avant paid some $1,952,246.35 (including interest) to defend itself in the action. Baralan's counsel cross-examined Avant's witnesses, but offered no witnesses of its own. Rather, it requested, *inter alia*, that the Referee order the deposition of Avant's past principal, Mr. Rino Baranes.

According to Baralan, Avant's legal fees were completely out of proportion to what was at stake in this proceeding, and Baranes' testimony was necessary to determine whether all of the requested attorneys' fees were based solely on work performed for this action, rather than in relation to other civil and criminal litigations in which the two parties were involved.

The Referee agreed with Baralan, and directed issuance of an open commission for the deposition of Mr. Baranes, to be held in Italy. On November 10, 1999, the Referee issued a superceding order which directed issuance of an open commission for the deposition of Mr. Rino Baranes "in any jurisdiction where he may be found."

The Supreme Court denied Avant's motion to vacate the Referee's November 10, 1999 order, reasoning that it had granted the Referee broad authority to permit discovery as he saw fit, and that the Referee must be allowed to conduct the hearing without interference from the court, following which the court would review his recommendations.

We reverse. The issuance of the open commission constituted an abuse of discretion. The deposition testimony of Rino Baranes was neither necessary nor relevant to the proceeding before the Referee, concerning the extent of the legal fees accrued by Avant in the defense of this action. To this end, the Referee heard the testimony of Avant's lawyers and accepted their time sheets and bills into evidence, and Baralan was provided the opportunity to challenge Avant's assertion that all the demonstrated legal work related to its defense in the present matter, rather than any of the dozen or so other litigations between the parties. This is the extent of what is necessary to determine the issue of fees.

Additionally, any testimony by Baranes as to Avant's motivation in spending such large sums in defending this case is immaterial. Moreover, to the extent Baralan seeks to question Baranes about how the steps taken by counsel in this action fit into its overall litigation strategy, the subject matter is privileged.

In any event, the scope of the commission was overbroad, particularly as to the subject matter of the deposition. Finally, because the Referee placed no temporal limits on the commission, the hearing was effectively stayed sine die, inasmuch as it cannot be concluded before the deposition. This leaves Baralan with no incentive to take the deposition at any particular time. Giving such unbridled discretion to Baralan was particularly inappropriate given Baralan's history of discovery and procedural abuse in this case. Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ.