■ STEVEN KIRBY et al., Respondents, v TURNER CONSTRUCTION COMPANY, Appellant. [730 NYS2d 314] —Appeal from order, Supreme Court, New York County (Eileen Bransten, J.), entered October 26, 2000, which, *inter alia*, following a jury verdict in plaintiffs' favor, granted defendant's motion for a new trial only to the extent of directing a new trial as to damages unless plaintiffs stipulated to certain reductions in the jury's awards for pain and suffering, loss of services and future lost earnings, unanimously dismissed, without costs.

A party's right to a direct appeal from an interlocutory order lapses upon the entry of a final judgment (*Matter of Aho*, 39 NY2d 241, 248; *Bingham v Struve*, 245 AD2d 154). A final

judgment was entered in this matter following the posttrial order from which defendant purports to appeal, and it is undisputed that defendant has not filed a timely notice of appeal from such judgment.

In any event, even if the appealed order were reviewable, we would find no merit to defendant's substantive contentions. The trial evidence showed that plaintiff sustained serious injuries to his hip, back and spine by reason of the construction site accident giving rise to this lawsuit. In view of the gravity of plaintiff's injuries, a total award of $2 million, as reduced by the trial court from $4 million, for past and future pain and suffering does not deviate materially from what would be reasonable compensation. The evidence demonstrated that plaintiff faces a lifetime of constant pain and severe physical limitations only partially relievable by future medical procedures such as spinal fusion surgery and hip replacement (*see, Vasquez v Chase Manhattan Bank,* 266 AD2d 3; *Cruz v Manhattan & Bronx Surface Tr. Operating Auth.,* 259 AD2d 432; *Wyatt v State of New York,* 227 AD2d 283, *lv dismissed in part and denied in part* 89 NY2d 1028). Finally, the awards for future economic loss and future medical expenses are amply supported by testimonial and/or documentary evidence, largely unrefuted, at trial. Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.