*654 OPINION OF THE COURT
Per Curiam.
Appeals from orders dated December 27, 1999 and January 21, 2000 imposing part 130 (22 NYCRR 130-1.1) sanctions upon defense counsel, dismissed, without costs.
Appeal from order dated December 27, 1999 denying defendant’s motion for an award of sanctions and other relief, dismissed, without costs, as abandoned.
Defendant was not aggrieved by and thus cannot challenge the imposition of sanctions on its attorney (see, CPLR 5511; Scopelliti v Town of New Castle, 92 NY2d 944; Warm v State of New York, 265 AD2d 546), and, in any event, any right that defendant may have had to a direct appeal from the sanctions orders lapsed upon the entry of the subsequent, unappealed judgment (see, Matter of Aho, 39 NY2d 241, 248; Kirby v Turner Constr. Co., 286 AD2d 618). Even were the sanctions orders reviewable, we would find no abuse of discretion in the sanctions awards against defense counsel based upon his frivolous and vexatious litigation practices in this action (see, Matter of Scifo, 272 AD2d 335). As civil court appropriately recognized, the threats of criminal prosecution made by defense counsel during the course of the underlying civil lawsuit were “part of a calculated, deliberate strategy designed to harass plaintiff into folding its litigation hand, * * * and cannot be tolerated.” (183 Misc 2d 294, 299.) From a procedural standpoint, we note that the court was not required to hold a formal evidentiary hearing before finding defense counsel’s conduct frivolous (see, Matter of Marsh, 207 AD2d 749; 22 NYCRR 130-1.1 [d]), particularly since neither defendant nor its counsel submitted any meaningful response to the serious allegations of attorney misconduct specified by plaintiff.
Suarez, P.J., McCooe and Gangel-Jacob, JJ., concur.