■ Janulyn McKanic, Appellant, v Amigos del Museo del Barrio, Respondent. [903 NYS2d 394]—

Order, Supreme Court, New York County (Martin Schulman, J.), entered December 4, 2008, which dismissed the complaint upon plaintiff's failure to comply with a prior order of the same court and Justice, entered October 7, 2008, directing her to execute authorizations for the release of certain federal tax returns within 20 days of the date of the order, unanimously affirmed, with costs. Order, same court and Justice, entered October 7, 2008, which granted defendant's motion to compel plaintiff to provide said authorizations, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 24, 2008, which declined to sign an order to show cause, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, same court and Justice, entered December 8, 2008, which denied as moot plaintiff's motion for a protective order, unanimously affirmed, without costs.

The court properly dismissed the complaint after plaintiff failed to comply with its order compelling her to execute authorizations for the IRS to permit defendant to review her tax returns. Plaintiff sought, inter alia, lost wages in this employment discrimination action, and agreed to execute the necessary authorizations because defendant was unable to obtain her salary history either from her or from her purported former employers. However, she failed to execute the authorizations. The court properly granted the ensuing motion to compel since defendant established that the information was indispensable to the litigation and unavailable from other sources (*see Nanbar Realty Corp. v Pater Realty Co.*, 242 AD2d 208, 209-210 [1997]). Defendant also demonstrated that it had no interest in

plaintiff's tax returns other than to verify her salary history and that it would limit its examination of the returns to relevant material (*see id.*).

Furthermore, the order compelling plaintiff to execute the authorizations expressly stated that if it were not complied with in 20 days, the complaint would be dismissed, and thus became absolute when plaintiff failed to comply within the stated time period (*see Santiago v City of New York*, 71 AD3d 468 [2010]). Plaintiff's willful, deliberate, contemptuous and bad faith failure to comply with her discovery obligations would have justified dismissal of the complaint in any event (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Jones v Green*, 34 AD3d 260 [2006]).

In light of the foregoing, the court properly denied as moot plaintiff's motion for a protective order.

The denial of an order declining to sign an order to show cause is not appealable (*see M & J Trimming v Kew Mgt. Corp.*, 254 AD2d 21 [1998]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzales, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.