■ Christopher Bent, Respondent, v Sears, Roebuck, & Co. et al., Appellants. [7 NYS3d 127]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 28, 2014, which granted plaintiff's motion for an order striking defendants' answers for failure to comply with a prior order, same court (Jeffrey K. Oing, J.), entered on or about July 25, 2013, and entered a default judgment against them, unanimously affirmed, without costs.

The court properly struck defendants' answers in this products liability action. The sheer number of discovery orders, two as the result of motions on notice, evidenced substantial and gratuitous delay from which contumaciousness can be inferred (*see Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011]). And even if defendants' interpretation of the prior order is correct, that the court found only that they had failed to provide outstanding affidavits, the subsequently served affidavits were insufficient. In failing to provide any details of defendants' record retention policies, and in one case conceding the existence of hard copy documents that had gone unsearched, the affidavits fail their very purpose, to serve as proof that defendants complied with all discovery.

Given the foregoing, the motion court correctly concluded that defendants failed to comply with the terms of the July 25, 2013 order, which provided that defendants were required to comply with the exact terms of another prior discovery order or their answers would be stricken and default judgment entered against them (*see McKanic v Amigos del Museo del Barrio*, 74 AD3d 639, 640 [1st Dept 2010], *appeal dismissed* 16 NY3d 849 [2011]).

We have considered the remainder of defendants' contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.