ALPHONSE FLETCHER, JR., et al., Appellants, v THE DAKOTA, INC., et al., Respondents. [8 NYS3d 179]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 29, 2013, which granted defendants' motion for an order striking plaintiffs' cause of action for defamation to the extent of precluding plaintiffs from offering evidence not timely disclosed regarding that claim, unanimously affirmed, without costs.

In this action alleging discrimination and defamation in connection with a failed attempt to purchase a cooperative apartment, the court properly precluded plaintiffs to the extent indicated. Willfulness and contumaciousness can be inferred from what the motion court called plaintiffs' failure to comply with discovery obligations and a frustration of defendants' ability to obtain meaningful discovery as documented in its prior orders (*see Mehta v Chugh*, 99 AD3d 439 [1st Dept 2012]; *Henderson-Jones v City of New York*, 87 AD3d 498, 504 [1st Dept 2011]). And even if plaintiffs' interpretation of prior orders was correct, and only the March 5, 2013 order contained conditional sanctions, they still failed to comply with that or-

der, first serving discovery lists where the investors' names were intentionally redacted, and then, after the deadline, serving a list that Fletcher testified was incomplete.

Given the foregoing, the motion court correctly concluded that plaintiffs failed to comply with the terms of the March 5, 2013 order which provided that they were required to produce the list on or before March 19, 2013, with "any documents not produced by that date to be precluded" (*see McKanic v Amigos del Museo del Barrio*, 74 AD3d 639, 640 [1st Dept 2010], *appeal dismissed* 16 NY3d 849 [2011]).

We have considered the remainder of defendants contentions and found them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Renwick and Gische, JJ. █