■ VANDASHIELD LTD et al., Respondents-Appellants, v MARK ISAACSON et al., Appellants-Respondents. ANTHONY HILTON, Nonparty Appellant. [46 NYS3d 18]—

Appeal from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 20, 2015, which denied defendants' application for an order to show cause, unanimously dismissed, without costs. Order, same court and Justice, entered May 20, 2015, which granted plaintiffs' motion for sanctions, unanimously affirmed, without costs. Order, same court and Justice, entered July 17, 2015, which ruled that defendants had waived their right to serve paper discovery demands, unanimously affirmed, without costs. Order, same court and Justice, entered on or about September 18, 2015, which, to the extent appealed from as limited by the briefs, inter alia, granted defendants' first motion to dismiss (for failure to state a cause of action) so much of the fraud and breach of fiduciary duty claims as were predicated on misrepresentations allegedly made before the assignments by defendant Strategic Development Partners, LLC (SDP), the claims for constructive trust and punitive damages, and all claims against defendant Great Court Capital LLC, and denied the motion as to the remaining portion of the fraud and breach of fiduciary duty claims, the breach of contract claim, and the accounting claim as against SDP, and denied their second motion to

dismiss (based on forum non conveniens), unanimously modified, on the law, to deny the first motion as to the request for punitive damages on the fiduciary duty claim, and otherwise affirmed, without costs. Appeal from so much of the September 18, 2015 order as denied vacatur of the orders entered April 3 and May 4, 2015, unanimously dismissed, without costs, as moot.

With respect to dismissal of the entire action, the motion court considered the factors relevant on a forum non conveniens motion and providently exercised its discretion in ruling that the action should proceed in New York rather than South Africa (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]).

The business judgment rule does not avail defendants since plaintiffs are neither shareholders of a corporation, challenging the decisions of the corporation's directors (*see Auerbach v Bennett*, 47 NY2d 619, 629 [1979]), nor residents of a cooperative or condominium, challenging the decisions of the board of directors or board of managers (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537 [1990]). This case involves, in the first instance, contract interpretation, namely, whether defendant SDP has satisfied the conditions in paragraph 7 (a) of the 2012 agreement to require plaintiffs to forbear from suit.

The court correctly dismissed so much of the fraud claim as dealt with the misrepresentations that defendants allegedly made before plaintiffs entered into their assignment agreements with SDP. "To establish a fraud claim, a plaintiff must demonstrate that a defendant's misrepresentations were the direct and proximate cause of the claimed losses" (*Friedman v Anderson*, 23 AD3d 163, 167 [1st Dept 2005]). "To establish causation, plaintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation)" (*Laub v Faessel*, 297 AD2d 28, 31 [1st Dept 2002]).

Read liberally in plaintiffs' favor, the complaint adequately alleges transaction causation. However, the complaint insufficiently alleges loss causation (*see id.*). Plaintiffs' losses are not alleged to have been caused by poor security for the loan or defendants' supposed failure to lend money to MOD; rather, the complaint alleges that plaintiffs' losses were caused by defendants' privileging of their own claims in the litigation and settlement with nonparty MOD. Plaintiffs allege, inter alia, that "the Actual Settlement Amount was more than sufficient to

repay the Plaintiff Lenders in full, with interest, but Defendants sought to . . . retain[ ] more than $12 million for themselves as supposed lost profits because [MOD] failed to pursue the public offering."

Since plaintiffs submitted no proposed amendment, the court properly denied their request—made in a footnote in their brief—to replead (*see Gerrish v State Univ. of N.Y. at Buffalo*, 129 AD3d 1611, 1613 [4th Dept 2015]).

Defendants contend that the individual defendants (Mark Isaacson and Ivan Berkowitz) are not subject to liability for fraud and breach of fiduciary duty because they acted on behalf of SDP and there is no basis for piercing SDP's corporate veil. However, the rule on which defendants rely is applicable to contract claims, not tort claims (*compare Feigen v Advance Capital Mgt. Corp.*, 150 AD2d 281, 282 [1st Dept 1989], *lv dismissed in part, denied in part* 74 NY2d 874 [1989], *with Fletcher v Dakota, Inc.*, 99 AD3d 43, 49 [1st Dept 2012]). Defendants' contention that the individual defendants did not profit personally is also unavailing (*see Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491 [2008]).

Defendants' claim that plaintiffs failed to plead the contract cause of action with particularity is without merit. There is no requirement of heightened particularity in a contract claim (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2d Dept 2009], *affd* 16 NY3d 775 [2011]; CPLR 3016). Even if, arguendo, it were found that the complaint was not sufficiently particular to give the requisite notice (*see* CPLR 3013), in opposition to defendants' first motion to dismiss, plaintiffs submitted an affirmation by their counsel describing defendants' failure/refusal to give them full and timely access to information and documents pertaining to MOD's default in making the payments required under the South African settlement (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]).

Plaintiffs contend that the constructive trust claim should be reinstated. However, the purpose of a constructive trust is to prevent unjust enrichment (*Simonds v Simonds*, 45 NY2d 233, 242 [1978]), and plaintiffs do not argue that the motion court erred in dismissing their unjust enrichment claim. Moreover, since constructive trust applies to property already acquired by a defendant (*see id.* at 241), the motion court correctly dismissed so much of the fourth cause of action as sought to impose a constructive trust over any future funds received by defendants from MOD. In addition, plaintiffs do not allege that defendants will fail to pass along plaintiffs' share of future

MOD payments; on the contrary, the documentary evidence indicates that SDP has been fulfilling its obligation to pass plaintiffs' share along.

In pleading alter ego liability against Great Court, plaintiffs failed to allege facts indicating that defendants abused or perverted the corporate form for the purpose of causing harm to them (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011]). For example, they do not allege that they contracted with SDP because defendants led them to believe that it was the same as the more solid Great Court. Plaintiffs' plea for discovery is also unavailing (*see East Hampton*, 66 AD3d at 128-129).

The court properly struck plaintiffs' request for punitive damages on their fraud claim, which did not allege that the fraud was aimed at the public generally (*see Walker v Sheldon*, 10 NY2d 401, 405 [1961]). However, the requirement of conduct directed at the general public does not apply to punitive damages for breach of fiduciary duty (*Don Buchwald & Assoc. v Rich*, 281 AD2d 329, 330 [1st Dept 2001]; *see also Banque Indosuez v Barclays Bank*, 181 AD2d 447 [1st Dept 1992]). Plaintiffs pleaded, at a minimum, "intentional or deliberate wrongdoing" on defendants' part (*Buchwald*, 281 AD2d at 330). "It is for the jury to decide whether [defendants'] . . . dealings with [plaintiffs] were so reprehensible as to warrant punitive damages" (*Swersky v Dreyer & Traub*, 219 AD2d 321, 328 [1st Dept 1996]).

Since, on May 26, 2015, defendants disclosed the names of persons other than plaintiffs who participated in the loan to MOD, their appeal from so much of the September order as refused to vacate the April and May orders directing such disclosure is moot.

As to the sanctions imposed by the court on defendants and their counsel, the May 4, 2015, order said that "defendants shall . . . turn over the names of the other lenders by 5/6/15 *or the court will impose a sanction*" (emphasis added). Defendants did not turn over the names by May 6; therefore, on May 20, the court ruled that they would have to pay plaintiffs' reasonable costs to compel them to comply.

The court imposed sanctions on defendants (as opposed to their counsel) pursuant to both CPLR 3126 and 22 NYCRR 130-1.1. To the extent sanctions were imposed pursuant to the former, the court was not required to find that defendants' behavior was frivolous (*New v Scores Entertainment*, 255 AD2d 108, 109 [1st Dept 1998]).

The court providently exercised its discretion in sanctioning

defendants for refusing to obey the order (see *Spira v Antoine*, 191 AD2d 219 [1st Dept 1993]; see generally *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 83 [2010]). The court had the power to order defendants to pay plaintiffs' reasonable costs (see *Anonymous v High School for Envtl. Studies*, 32 AD3d 353, 359-360 [1st Dept 2006]; see also *Baralan Intl. v Avant Indus.*, 242 AD2d 226, 227 [1st Dept 1997]).

On May 20, the court ordered defense counsel to pay $5,000 to the Lawyers' Fund for Client Protection pursuant to 22 NYCRR 130-1.3. Counsel contends that he should not be punished for his clients' disobedience of court orders. However, by his own admission, counsel did not file a notice of appeal from the order. We are therefore without authority to entertain his arguments (see *Hecht v City of New York*, 60 NY2d 57, 63 [1983]).

The court providently exercised its discretion in finding, on July 20, 2015, that defendants had waived their right to serve paper discovery demands by disregarding the deadlines set forth in two case management orders (see e.g. *Fletcher v Dakota, Inc.*, 127 AD3d 626 [1st Dept 2015]).

Citing nonbinding cases, defendants contend that the court could order preclusion only on a clear showing that their failure to comply with the case management orders was willful or contumacious. However, we have upheld preclusion even when a party's behavior was neither willful nor contumacious (see *New*, 255 AD2d at 108; see also *Christian v City of New York*, 269 AD2d 135, 137 [1st Dept 2000]).

Defendants contend that the sanction was disproportionate because their motion for a protective order stayed discovery pursuant to CPLR 3103 (b). However, the statute says, "Service of a notice of motion for a protective order shall suspend *disclosure of the particular matter in dispute*" (CPLR 3103 [b] [emphasis added]). Defendants' motion for a protective order against *plaintiffs'* discovery demands did not stay their obligation to serve their own discovery demands.

Defendants contend that the sanction was disproportionate because the reason for their delay in serving paper discovery demands was that the parties were engaged in settlement negotiations. However, as the motion court explained, defendants could have requested an extension of the discovery deadline on this basis but failed to do so (see *Gibbs*, 16 NY3d at 81).

The appeal from the May 20, 2015 order denying defendants' application for an order to show cause is dismissed, since no appeal lies from an order declining to sign an order to show

cause (*Kalyanaram v New York Inst. of Tech.*, 91 AD3d 532 [1st Dept 2012]). In any event, the appeal was abandoned.

We have considered defendants' remaining arguments and find them unavailing. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.