Tokayer v Kosher Sports Inc. (2019 NY Slip Op 09395)





Tokayer v Kosher Sports Inc.


2019 NY Slip Op 09395


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10675N 157471/16

[*1] Ira Daniel Tokayer, Esq., Plaintiff-Respondent,
v
Kosher Sports Inc., et al., Defendants-Appellants.


The Law Office of Jason J. Rebhun, P.C., New York (Jason J. Rebhun of counsel), for appellants.
Stropheus Law LLC, New York (Daniel M. Hartman of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered February 11, 2019, which, insofar as appealed from, in this action seeking to recover legal fees, granted plaintiff's motion for sanctions against defendants to the extent of awarding plaintiff the costs incurred in making the motion upon settling an order with notice supported by an affirmation attesting to costs and attorneys' fees incurred, unanimously affirmed, without costs.
The court providently exercised its discretion in imposing the monetary sanction on defendants pursuant to 22 NYCRR 130-1.1 for failing to comply with the so-ordered stipulation requiring them to produce an affidavit of diligent search by March 30, 2018 (see Vandashield Ltd v Isaacson, 146 AD3d 552, 555-556 [1st Dept 2017]). The court had a reasonable basis to conclude that, regardless of the surrounding circumstances, defendants' unexcused seven-month delay in producing the affidavit was frivolous, dilatory conduct sufficient to warrant the imposition of the limited sanction.
Contrary to defendants' contention, counsel's affirmation submitted with the motion for sanctions provided sufficient detail to comply with 22 NYCRR 202.7(c) (see Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442 [1st Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK