Rapaport v Strategic Fin. Solutions, LLC (2021 NY Slip Op 00511)





Rapaport v Strategic Fin. Solutions, LLC


2021 NY Slip Op 00511


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 651480/18 Appeal No. 12980 Case No. 2020-00990 

[*1]Mikael Rapaport, Plaintiff-Respondent,
v
Strategic Financial Solutions, LLC, et al., Defendants-Appellants.


Schroder Joseph & Associates, LLP, Buffalo (Linda H. Joseph of counsel), for appellants.
Lipsky Lowe LLP, New York (Christopher H. Lowe of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 13, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendants' fraud and breach of contract counterclaims, unanimously modified, on the law, to reinstate the breach of contract counterclaim to the extent based on the confidentiality provisions of the parties' employment agreement, and otherwise affirmed, without costs.
To state a fraud cause of action, a party must plead "a material representation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance . . . and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). A claim for fraud can be based upon "a material omission of fact . . . made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation, or material omission and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). "The element of justifiable reliance is lacking where a sophisticated party enters into an arms-length transaction and, with the exercise of ordinary intelligence, could have protected itself through due diligence concerning the transaction" (Vandashield Ltd v Isaacson, 2015 NY Slip Op 31782[U],*11 [Sup Ct, NY County, 2015], affd as modified 146 AD3d 552 [1st Dept 2017]; see also OmniVere, LLC v Friedman, 174 AD3d 443, 444 [1st Dept 2019]).
Dismissal of the fraud counterclaim was proper. Even construing the allegations liberally and drawing all inferences in defendants' favor — defendants failed to adequately plead that, despite plaintiff's alleged failure to disclose the future intentions of the Ranger Direct Lending Trust, the principal client of the company plaintiff sold to defendants, they could not have protected themselves through due diligence concerning the transaction. Their allegations in this regard are conclusory and vague, and, contrary to their contention, do not create an issue of fact. Defendants' fraud counterclaim contains no allegations concerning what, if any, steps defendants took to probe the strength and potential longevity of this critical customer relationship. The absence of any allegations to show that defendants explored the issue is particularly notable, given their contentions that: they were told by plaintiff that Ranger was Peerform's key customer; that the projections they relied on presumed Ranger's ongoing customer relationship; and that Ranger's continued existence as a customer was critical to Peerform's ability to attract new business.
However, we find that defendants' arguments concerning the breach of contract counterclaim have merit. We reinstate that counterclaim, to the extent it is based on the employment agreement between plaintiff and defendant Strategic Financial Solutions, LLC (SFS). Pursuant to plaintiff's employment agreement, he was barred from disclosing confidential information. The [*2]pleading in Peerform, LLC & Mikael Rapaport v Strategic Family, Inc., et al. included specific information about projected profits and distributions to shareholders, as well as information about defendant SFS's plans to borrow funds.
Finally, plaintiff's reliance on the "litigation privilege" is misplaced, since, that privilege exists in the context of defamation claims, and he cites no authority for his apparent assertion that it immunizes breaches of contractual confidentiality provisions as well.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021