Miami Firefighters' Relief & Pension Fund v Icahn (2021 NY Slip Op 06446)





Miami Firefighters' Relief & Pension Fund v Icahn


2021 NY Slip Op 06446


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Kapnick, J.P., Webber, Oing, Moulton, Rodriguez, JJ. 


Index No. 657447/19 Appeal No. 14652-14652A Case No. 2021-02437, 2021-02438 

[*1]Miami Firefighters' Relief & Pension Fund et al., Plaintiffs-Appellants,
v
Carl C. Icahn et al., Defendants-Respondents, Xerox Holdings Corporation, Nominal Defendant-Respondent. 


Abraham, Fruchter & Twersky, LLP, New York (Michael J. Klein of counsel), and Paskowitz Law Firm, PC, New York (Laurence D. Paskowitz of counsel), for appellants.
Law Office of Robert R. Viducich, New York (Robert R. Viducich of counsel), for Carl C. Icahn, High River Limited Partneship, Icahn Capital LP, Keith Cozza and Nicholas Graziano, respondents.
Cohen & Gresser LLP, New York (Lawrence T. Gresser of counsel), for Giovanni Visentin, respondent.
The Samini Firm APC, New York (Bobby Samini of counsel), for Jonathan Christodoro, respondent.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Scott B. Luftglass of counsel), for Joseph J. Echevarria and Cheryl Gordon Krongard, respondents.
King & Spalding LLP, New York (Richard T. Marooney of counsel), for Andrew Scott Letier, respondent.
Wilkie Farr & Gallagher LLP, New York (Sameer N. Advani of counsel), for Xerox Holdings Corporation, respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about December 15, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the causes of action for breach of fiduciary duty and breach of contract as against defendants Carl C. Icahn (Icahn), High River Limited Partnership, and Icahn Capital LP (together with Icahn, the Icahn defendants), unanimously reversed, on the law, with costs, and the motion denied. Order, same court and Justice, entered January 15, 2021, which denied plaintiffs' motion for discovery, unanimously reversed, on the law, with costs, and the motion granted.
Plaintiffs properly alleged demand futility as required under Business Corporation Law § 626 (c) by asserting that at least four out of seven of the members of derivative plaintiff/nominal defendant Xerox Holdings Corporation's board of directors were controlled by Icahn, Xerox's largest single shareholder, and thus lacked the independence to make an impartial decision on bringing suit (see Bansbach v Zinn, 1 NY3d 1, 9 [2003]). The Icahn defendants concede, at least tacitly, that two of the directors were controlled by Icahn. One other director, who is also the CEO of Xerox, received substantial compensation of $23 million from Xerox in 2018; this level of remuneration calls into question his ability to act independently on a matter that implicates Icahn's interest, as a decision to bring suit could visit significant financial consequences upon him by endangering his employment (see Rales v Blasband, 634 A2d 927, 937 [Del 1993]; In re EZCORP, Inc. Consulting Agreement Derivative Litig., 2016 WL 301245, *35, 2016 Del Ch LEXIS 14, *113 [Del Ch Ct, Jan. 25, 2016, C.A. No. 9962-VCL]). Another director was a managing director of an Icahn company and plaintiffs allege that he has served as Icahn's representative on at least 10 other boards; and that he forwarded a nonpublic document from Xerox to Icahn's in-house counsel. All the circumstances of the relationship between this director and Icahn support an inference that the director would not be able to independently evaluate a demand to sue Xerox (see e.g. Delaware County Employees Retirement Fund v Sanchez, 124 A3d 1017, 1019 [Del 2015]). Accordingly, demand on the board of directors to pursue the derivative action is futile and excused.
At this stage of the litigation, the claim for breach of fiduciary duty was pleaded with the particularity required by CPLR 3016(b), as the complaint states that the Icahn defendants used confidential information about Xerox's planned acquisition of HP Inc. to buy HP common shares before news of the acquisition became public and before HP's stock price increased. These allegations are sufficient to inform the Icahn defendants of the incidents said to underlie the breach of fiduciary duty claims (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]). Although the complaint does not state how the Icahn defendants [*2]allegedly misappropriated the confidential information, the facts that would support the breach of fiduciary duty and breach of contract claims are peculiarly within the Icahn defendants' knowledge. Thus, the appropriate course of action is to order discovery (id. at 491-492).
The complaint states a cause of action for breach of contract, as there is no requirement of heightened particularity in a contract claim (Vandashield Ltd. v Isaacson, 146 AD3d 552, 554 [1st Dept 2017]).
Contrary to the Icahn defendants' contention and the motion court's conclusion, plaintiffs' claims do not fail for lack of damages, as damages "have never been considered to be an essential requirement for a cause of action founded on a breach of fiduciary duty" (Diamond v Oreamuno, 24 NY2d 494, 498 [1969]). The function of an action for breach of fiduciary duty "is not merely to compensate the plaintiff for wrongs committed by the defendant but . . . to prevent them, by removing from . . . trustees all inducement to attempt dealing for their own benefit in matters . . . to which their . . . trust relates" (id. [internal quotation marks omitted]).
The court should not have granted the motion to dismiss based on the affidavit submitted by the Icahn defendants, as the affidavit failed to establish conclusively that plaintiffs have no viable cause of action (see generally Laurence v Graubard Miller, 11 NY3d 588, 595 [2008]). Indeed, the affidavit, which purported to show a loss resulting from the relevant stock trades, does not foreclose the possibility that the Icahn defendants did, in fact, use Xerox's confidential information to their advantage.
In light of our determination, we need not reach the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021